**In re Roger L. MATTHEWS and Janice A. Matthews d/b/a Matthews' IGA, Debtors.**

**Bankruptcy No. 85–01744M.**

United States Bankruptcy Court, N.D. Iowa.

June 25, 1986.

Larry S. Eide, Mason City, Iowa, trustee.

John R. Cronin, Nashua, Iowa, for debtors.

*Findings of Fact, Conclusions of Law; ORDERS re Objections to Exemptions*

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is whether Roger L. Matthews' (Debtor) Individual Retirement Account is exempt from Debtors' bankruptcy estate. The matter came for hearing on March 27, 1986, at which time the exemption issue was taken under advisement. The Court having reviewed the evidence and being fully advised, now makes the following Findings of Fact, Con-

clusions of Law, and Order pursuant to F.R.B.P. 7052. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FINDINGS OF FACT

1. Prior to filing for bankruptcy relief, Debtor established and contributed to an Individual Retirement Account (IRA).

2. In his bankruptcy schedules, Debtor claimed his IRA fund as exempt property pursuant to Iowa Code § 627.6(9)(e).

3. At time of hearing Debtor had not attained age 59½.

4. The full amount of the IRA account is reasonably necessary for the support of Debtor and his dependents.

## DISCUSSION

The Iowa exemption statute relevant to the case at bar provides:

> A debtor who is a resident of this State may hold exempt from execution the following property ...
>
> (9) The debtor's rights in
>
> (e) the payment under a pension, annuity or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Iowa Code Section 627.6(9)(e).

The Trustee has objected to Debtor's claim of exemption. The Trustee contends Debtor's IRA is not exempt from his bankruptcy estate because Debtor's right to payment from his IRA is not due to his illness, disability, death, age or length of service. Further, because Debtor is virtually free to fund, manage and withdraw from his IRA at any time, the Trustee contends Debtor's IRA is little more than a tax deferring savings account.

In response, Debtor contends his relatively free control and access to his IRA does not render it nonexempt. Rather, Debtor argues his IRA is exempt because it is a contract similar to pensions and annuities and it does provide payment on the basis of age and length of service.

Pensions (for purposes of this decision, pensions, annuities and similar plans and contracts will be referred to as pensions) are generally defined as a stated allowance or stipend made in consideration of past service to help the recipient pay for expenses. Typically, the pension is established by someone other than the recipient (*e.g.*, his employer) and the recipient has little or no control over the fund. *See, In re Zimmerman*, slip op. at p. 4 (Bkrtcy.S. D.Iowa April 16, 1984); also, *In re Fichter*, 45 B.R. 534, 537 (Bkrtcy.N.D.Ohio 1984); *In re Paquette*, 38 B.R. 170, 173 (Bkrtcy. D.Vt.1984); *In re Talbert*, 15 B.R. 536, 537 (Bkrtcy.W.D.La.1981).

In contrast to the pension, control over an IRA lies almost exclusively in the recipient. The recipient is virtually free to determine the size and timing of deposits (subject to a $2,000.00 per year limit), the type of investment vehicle, and the size and timing of withdrawals. Further, although he must pay a penalty equal to 10 percent of the amount withdrawn before reaching age 59½, the recipient is free to withdraw funds from his account and use the funds for any purpose; not necessarily incident to the recipient's illness, disability, death, age or length of service. The key distinction between an IRA and a pension, then, is the recipient's virtually free access to his IRA funds and the lack of restrictions in the use of the funds.

Courts which have ruled on whether or not an IRA is exempt property have emphasized the debtor's relatively unrestricted control and use of IRA funds. For example, in *In re Paquette*, 38 B.R. 170, the court considered whether an IRA is exempt under 11 U.S.C. § 522(d)(10)(E), the Federal exemption statute similar to Iowa Code Section 627.6(9)(e). That court decided Congress intended to exempt benefits "akin to debtor's future earnings" to insure the benefits are available for the debtor's retirement. To determine whether the benefits are akin to future earnings, the court considered whether accounts funds may be used *only* (emphasis added) for the

purpose of providing retirement benefits to the individual. The court held an account is not exempt when funds may be withdrawn at any time even though a withdrawal penalty may be charged. *Id.* at p. 174. The court concluded debtor's IRA was not exempt under § 522(d)(10)(E).

By its interpretation of the meaning of an Ohio exemption statute very similar to § 522(d)(10)(E), the court in *In re Fichter,* 45 B.R. 534, also concluded an IRA is not exempt property. Among the court's observations were (1) an IRA is a tax deferment tool rather than a retirement fund, (2) the recipient has virtually free access to the IRA, (3) there is no guarantee the IRA funds will remain on deposit until debtor retires, and (4) an IRA payment is not akin to future earnings primarily because earnings and future earnings, (i.e., pension) are typically paid by employers while IRAs are individually funded. *Id.* at p. 537.

Other courts which have held a debtor's IRA is not exempt emphasize the debtor's access to his IRA is essentially unrestricted and unrelated to illness, disability, death, age or length of service. The cases include *In re Lowe,* 25 B.R. 86 (Bkrtcy.District South Carolina 1982) (South Carolina exemption statute substantially similar to § 522(d)(10)(E)); *In re Howerton,* 21 B.R. 621 (Bkrtcy.N.D.Texas 1982) (Texas statute exempted periodic payments under an insurance policy or under an employer's annuity program); *In re Talbert,* 15 B.R. 536 (Bkrtcy.W.D.La.1981) (Louisiana statute exempted pensions, annuities and employers gratuitious payments to employees or their beneficiaries); *In re Mace,* 4 B.C.D. 94 (Bkrtcy.D.Or.1978) (a pre-Code case; Oregon statute exempted pensions granted by reason of a period of employment); *contra, see, In re Worthington,* 28 B.R. 736 (Bkrtcy.W.D.Kentucky 1983) (applying Kentucky law, the court concluded debtor's IRA was exempt because it embodied one characteristic common to other similar contracts and plans deferred tax liability; the court also stated the debtor's degree of control over his IRA is immaterial; holding, that if the IRA exists at the time the bankruptcy petition is filed it is exempt).

When the Iowa Legislature amended the exemption statutes in 1981 it was aware of the existance and popularity of Individual Retirement Accounts. The Legislature could have easily included IRAs in the exemption statute; but it did not.

In light of the foregoing, the Court finds it is in agreement with Judge Stageman's decision in *In re Zimmerman;* Debtor's Individual Retirement Account is not exempt.[1]

The Court's decision here is not in conflict with its decision *In re Schwartz,* 58 B.R. 606 (Bkrtcy.N.D.Iowa 1984) and *In re Lawrence,* 57 B.R. 727 (Bkrtcy.N.D.Iowa 1986). In *Schwartz* the Court found the IRA was not exempt because the IRA account in that case was not reasonably necessary for the support of debtors or his dependents. The Court expressly stated it was not deciding the issue of whether an IRA is a right in a pension plan or similar annuity. *Id.* at p. 607.

The issue in *Lawrence* was whether a debtor's Keough plan was exempt under § 627.6(9)(e). In that case the Court concluded the debtor's Keough plan was exempt property. However, the key feature of a Keough plan which distinguishes it from an IRA is that a pre-retirement withdrawal from a Keough plan bars further contribution to the Keough plan for five years—a substantial deterrent to free access to the Keough funds.

## CONCLUSIONS OF LAW

Debtor's Individual Retirement Account is not exempt under Iowa Code § 627.6(9)(e).

## ORDER

IT IS THEREFORE ORDERED the Trustee's objection is sustained and the Debtor's claim of exemption in his IRA is denied.

---

1. The Court is not deciding today whether a person over age 59½ is entitled to claim his IRA as exempt property. *See, In re Montavon* 52 B.R. 99, 101 (Bkrtcy.D.Minn.1985).