In re Robert L. PINGEL, f/d/b/a Bob's Tire Service, Debtor.

Bankruptcy No. 84–03176.

United States Bankruptcy Court, N.D. Iowa.

Aug. 12, 1986.

David Opheim, Fort Dodge, Iowa, for debtor.

Thomas Tarbox, Fort Dodge, Iowa, trustee.

## ORDER ON CLAIM OF EXEMPTION

JAMES E. YACOS, Bankruptcy Judge, Sitting by Designation.

This case is before the court on the "Objection to Debtor's Claim of Exemptions" filed herein by the trustee in bankruptcy. This objection related to the debtor's claim on his B–4 Schedule to exempt under Iowa Code § 627.6(7) (dealing with "unmatured life insurance policies") an item described as a "Farm Bureau I.R.A." During the course of the further hearings on this mat-

ter it was determined that the item in question is an individual retirement annuity (hereinafter "I.R.A.") established and qualified under § 408(b)(1) of the Internal Revenue Code. At the first hearing on this matter the debtor also orally amended his claim of exemption to include Iowa Code § 627.6(9)(e) (dealing with "pension, annuity, or similar plan").

On February 28, 1986 the debtor and the trustee filed a "Stipulation In Lieu of Trial" setting forth an extensive stipulation of facts on this matter, as an alternative to a further trial hearing which had been directed by the court. The court accepts and incorporates the stipulated facts for purposes of determining this matter.

After reviewing the contentions of the debtor and the trustee, the court concludes that the legal issue is governed by this court's prior ruling in *In re Lawrence*, 57 B.R. 727 (Bankr.N.D.Ia.1986). The court there held that a retirement plan known as a "Keogh Plan" qualified under a separate provision of the Internal Revenue Code could be exempt under Iowa Code § 627.6(9)(e) as a "pension, annuity or similar plan or contract" notwithstanding the fact that no payments under the retirement plan were actually being received by the debtor *in a retirement status* at the time of the filing of the bankruptcy petition. The court followed the earlier reasoning expressed in *In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Ia.1986).

While the present case involves an I.R.A. account rather than a Keogh Plan the trustee has not been able to point out any significant differences between these retirement plans sufficient to justify a difference result under the Iowa exemption statute. Both are self-generated individual retirement plans qualifying for special federal tax benefits to encourage individuals to provide for their own retirement needs. Both provide the same penalties for early withdrawal but do allow the individual to "get at the funds" if he is willing to pay the tax penalty. The only difference between the Keogh Plan and the I.R.A. is that the former requires a self-employment situation, and permits a greater amount of money to be shielded from taxes, as opposed to the I.R.A.' system which is open to all individuals but provides lower maximum annual contributions.

Accordingly, I conclude that the I.R.A. account here in question comes within the general coverage of Iowa Code § 627.6(9)(e). This however does not completely resolve the matter since that statute also requires a factual finding that the retirement plan funds are "reasonable necessary for support of the debtor and any dependent." On this point the court notes that the stipulated facts in its judgment supports a determination that the debtor herein has shown the requisite need for the I.R.A. policy in question. This annuity policy had a cash value at the time of bankruptcy filing of $10,000.00. The debtor's expectable income from his reduced retail tire operation in the depressed Fort Dodge economy does not indicate any realistic possibility to provide for retirement needs at any time in the foreseeable future.

While the debtor in this case is 46 years old, as opposed to the 57 year old debtor involved in the *Lawrence* case, the other surrounding facts as stipulated by the parties lead me to the same conclusion on exemption. I particularly note the lack of any indication of abuse of creditors by the setting up and funding of the retirement plan in question by the debtor in relation to his filing of bankruptcy. No contribution to this pension plan was made by the debtor since 1981, and the earlier contributions were not made in contemplation of a bankruptcy filing. The debtor's bankruptcy petition was filed on October 19, 1984.

Accordingly, it is hereby

ORDERED that the debtor's claim of exemption of his Individual Retirement Annuity policy is hereby allowed pursuant to the provisions of Iowa Code § 627.6(9)(e). The trustee's objection to the claim of exemption is denied. This disposition renders unecessary any determination as the effect of § 627.6(7) of the Iowa Code.