**In the Matter of Keith Joe LINGLE and Donna Ranee Lingle, Debtors.**

**Bankruptcy No. 89–561–W.**

United States Bankruptcy Court, S.D. Iowa.

Sept. 25, 1990.

Casey J. Quinn, Omaha, Neb., for debtors.

C.R. Hannan, Council Bluffs, Iowa, Chapter 7 Trustee.

ORDER—OBJECTION TO DEBTORS' CLAIM OF EXEMPTION; APPLICATION FOR TURNOVER OF PROPERTY

RUSSELL J. HILL, Bankruptcy Judge.

On December 13, 1989, a hearing was held on Trustee's application for turnover of property and Trustee's objection to Debtors' claim of exemption. The following attorneys appeared on behalf of their respective clients: Casey J. Quinn for Debtors and C.R. Hannan as Chapter 7 Trustee. At the conclusion of said hearing, the Court took the matter under advisement subject to a briefing schedule. The Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Court, upon review of the pleadings, arguments of counsel, evidence admitted and briefs submitted, now enters its findings and conclusions pursuant to Bankr.R. 7052.

## FINDINGS OF FACT

1. Debtors filed a voluntary Chapter 13 petition on March 16, 1989, which was converted to a case under Chapter 7 of Title 11, U.S.C. on July 21, 1989.

2. Debtors filed their Chapter 7 statement of affairs and schedules, and on Schedule B-4, Debtors claimed a "Farmland Retirement Annuity" valued at $3,100.00 as exempt under Iowa Code § 627.6(8)(e).

3. Trustee filed an objection to claim of exemptions, requesting that the Court deny Debtors' claim of exemption of the Farmland Retirement Annuity. Trustee also filed a motion to compel turnover of property, praying for judgment against the Debtors for the turnover of the Farmland Retirement Annuity.

4. The Farmland Retirement Annuity is an ERISA (Employer Retirement Income Security Act, 29 U.S.C. § 1001 et seq.) plan and contains ERISA transfer restrictions. As described in the Farmland Retirement Annuity Summary Plan Description: "(Employee) benefits under the Plan may not be assigned, pledged as collateral for loans, encumbered, or in any other way alienated. The Plan's purpose is to provide retirement income and it can be used for no other purpose. However, the Plan is required to obey any proper divorce court order which may force it to pay part of (the employee's) benefit and alimony or child support." Access and control of the Farmland Retirement Annuity are in the hands of a trustee authorized to hold the assets of the plan for the benefit of plan participants. The Farmland Retirement Annuity is a defined benefit plan, with annual employee contributions established at 2 percent of wages and variable employer contributions. The Farmland Retirement Annuity provides retirement, disability and death benefits. Further, if an employee covered by the Farmland Retirement Annuity terminates employment prior to age 55, the employee has the option to withdraw personal contributions plus interest, or leave the personal contributions in the plan until age 65. Any withdrawal of personal contributions reduces the monthly benefit the employee is entitled to at age 65. Termination of employment prior to age 55 also reduces employer-provided benefits not vested at time of termination prior to age 55.

5. Debtors' schedule of current monthly income and expenses lists estimated current monthly income of $1,123.80 and estimated current monthly expenses of $1,147.00.

6. Keith Lingle has been employed at Farmland Industries approximately 10 years as a laborer. He has no post-high school education or job skills that would indicate any prospects for his job future to be other than working as a laborer.

7. Donna Lingle is a homemaker. She provides for the care of the home and Debtors' three minor children. Donna Lingle has no post-high school education or job skills and suffers a nervous disorder that prevents her from obtaining full time employment.

8. Keith Lingle and Donna Lingle are both age 29 years of age.

9. On Schedule B-4, Debtors list no significant liquid exempt assets.

## DISCUSSION

### I. *11 U.S.C. § 541 Property of the Estate*

11 U.S.C. § 541(a) provides in pertinent part:

(a) The commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor and property as of the commencement of the case ...

Congress intended the scope of the bankruptcy estate under 11 U.S.C. § 541 to be quite broad. *In re Graham,* 726 F.2d 1268, 1270 (8th Cir.1984).

■ 11 U.S.C. § 541(c)(1) provides generally that restrictions on the transfer of the debtor's interest in property will not prevent inclusion of such a property interest in the estate. *Id.* at 1270. However, 11 U.S.C. § 541(c)(2) states the following exception to 11 U.S.C. § 541(c)(1):

A restriction on the transfer of beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Congress intended 11 U.S.C. § 541(c)(2) to preserve the status of traditional spendthrift trusts as recognized by state law. *In re Swanson,* 873 F.2d 1121, 1123 (8th Cir.1989); *In re Graham,* 726 F.2d at 1271. The Eighth Circuit Court interprets 11 U.S.C. § 541(c)(2) narrowly because a broad reading of this exclusion runs afoul of the policy sought to be furthered through the Bankruptcy Code. *In re Swanson,* 873 F.2d at 1124. "Section 541(c)(2) thus strikes a delicate balance between enlarging the bankruptcy estate, while still honoring the spendthrift trust owner's wishes under state law." *Id.* at 1124.

In *Swanson,* the court analyzed a non-ERISA retirement fund, containing Minnesota statutory transfer restrictions, under Minnesota spendthrift trust law. The court stated that spendthrift trusts are recognized and enforced under Minnesota law, but Minnesota law does not explicitly discuss many of the requirements typically imposed upon spendthrift trusts. *Id.* at 1123. The court then concluded that the retirement fund was not a spendthrift trust under Minnesota law. *Id.* at 1124. In reaching this conclusion, the Eighth Circuit Court stated:

We do not believe that the Fund has the necessary characteristics of a traditional spendthrift trust to exclude it from the bankruptcy estate pursuant to § 541(c)(2). Notably, the Fund violates the rule that prohibits the beneficiary of a spendthrift trust from also being its settlor. The fact that the contributions to the Fund are made, at least in part, by the debtors compels the conclusion that the fund would not be a valid spendthrift trust under Minnesota law.

In addition, our conclusion that the Fund does not qualify as a spendthrift trust under Minnesota law is compelled by the fact that the debtors are able to exercise dominion and control over the monies in the Fund. (Fund) members are entitled to a refund of their contributions to the Fund on termination of employment. While this is a very limited right of control over the funds, the ability of the beneficiary to control trust assets in any way is inimical to the policies underlying the spendthrift trust. We believe that the Fund is actually a form of deferred compensation, whereas a spendthrift trust is generally used to provide the maintenance and support of its beneficiaries.

*Id.* at 1124.

■ In the instant case, this Court must analyze the Farmland Retirement Annuity under Iowa law. The record does not indicate that any other law would govern this plan. See *In re Montgomery,* 104 B.R. 112, 114 (Bankr.N.D.Iowa 1989). Iowa law generally recognizes and upholds the validity of spendthrift trusts. *Matter of Estate of Dodge,* 281 N.W.2d 447, 450 (Iowa 1979). The late Honorable William W. Thinnes, U.S. Bankruptcy Judge for the Northern District of Iowa, summarized Iowa spendthrift trust law:

Spendthrift trusts are trusts created to maintain a designated beneficiary and to insulate the fund from claims of the beneficiary's creditors. *In re Graham,* 24 B.R. 305, 310 (Bankr.N.D.Iowa 1982). Generally, a settlor cannot make a spendthrift trust for his own benefit. See e.g., *DeRousse v. Williams,* 181 Iowa 379, 389, 164 N.W. 896, 899 (1917); *Harrison v. City National Bank of Clinton, Iowa,* 210 F.Supp. 362, 370 (S.D.Iowa 1962); RESTATEMENT (Second) OF TRUSTS, § 156.

*In re Schwartz,* 58 B.R. 606, 607 (Bankr.N.D.Iowa 1984).

This Court does not find a distinction between Iowa spendthrift trust law and the Eighth Circuit's interpretation of Minnesota spendthrift trust law in *Swanson.* Therefore, this Court's determination of whether the retirement fund is a spendthrift trust under Iowa law is controlled by the *Swanson* holding.

■ In the instant case, the Farmland Retirement Annuity contains ERISA transfer restrictions. However, employees make contributions to the retirement fund. Further, employees are entitled to a refund of their contributions of the fund upon termination of employment. Therefore, the retirement fund is not a spendthrift trust. See *In re Swanson,* 873 F.2d at 1123–1124. The retirement fund thus is not excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) and is property of Debtors' estate under 11 U.S.C. § 541(a).

II. *Exempt from the Bankruptcy Estate*

11 U.S.C. § 522(b) provides in pertinent part:

Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(a) of this subsection specifically does not so authorize; or, in the alternative,

(2) (A) any property that is exempt under federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition ...

A. 11 U.S.C. § 522(b)(1).

As permitted by 11 U.S.C. § 522(b)(1), Iowa opted out of the federal exemptions set forth in 11 U.S.C. § 522(d) by operation of Iowa Code § 627.10. Therefore, 11 U.S.C. § 522(b)(1) is inapplicable.

B. 11 U.S.C. § 522(b)(2)(A).

■ Concerning exemption under federal law pursuant to § 522(b)(2)(A), the Eighth Circuit made it clear that any prohibition on assignment or alienation pursuant to 29 U.S.C. § 1056(d) (ERISA) or 26 U.S.C. § 401(a) (IRC) did not constitute a federal exemption under 11 U.S.C. § 522(b)(2)(A). *In re Graham,* 726 F.2d at 1273–1274. The issue therefore is whether the retirement fund is exempt under Iowa law.

The applicable exemption statute is Iowa Code § 627.6(8)(e). Iowa Code § 627.6(8)(e) provides in pertinent part:

A debtor who is a resident of this state may hold exempt from execution the following property:

(8) the debtors' rights in:

(e) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

■ Trustee asserts that ERISA § 514(a), as codified at 29 U.S.C. § 1144(a), preempts Iowa Code § 627.6(8)(e). ERISA § 514(a) preempts any and all state laws that make reference to ERISA plans even when those state laws are consistent with the federal statutory scheme. *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100

L.Ed.2d 836 (1988). A majority of courts appear to hold that where an exemption statute refers to ERISA or to attendant IRS provisions, ERISA § 514(a) preempts said exemption. See *In re Conroy*, 110 B.R. 492 (Bankr.D.Mont.1990) (cites numerous cases finding both specific and general state exemption statues preempted). In the instant case, Iowa Code § 627.6(8)(e) does not make any reference to ERISA or to attendant IRS provisions and exempts plans and contracts which are not ERISA qualified plans. Therefore, it is not preempted by ERISA § 514(a).

Trustee also asserts that the retirement account is not a pension, annuity, or similar plan or contract under Iowa Code § 627.6(8)(e). *Matter of Pettit*, 55 B.R. 394 (Bankr.S.D.Iowa 1985) established criteria for determining if a debtor's retirement plan is a pension, annuity or similar plan or contract under Iowa law: 1) a formal plan or fund established for the benefit of the debtor, usually as part of a relationship with an employer or employee organization; 2) the benefits of the plan or fund are of a nature "akin to future earnings" of the debtor and intended as retirement income or at least income deferred during the debtor's employment to provide future support for the debtor; 3) access and control of the plan or fund in the hands of someone other than the debtor with strong limitations on withdrawal or distribution expressed in the formal plan or fund for the purpose of providing retirement or deferred income; 4) that payment under the plan or contract is to be on account of illness, disability, death, age, or length of service. *Id.* at 398.

In the instant case, the retirement plan meets all four *Pettit* criteria and therefore is a pension, annuity, or similar plan or contract under Iowa Code § 627.6(8)(e). See also *In re Hutton*, 893 F.2d 1010 (8th Cir.1990) (applies *Pettit* criteria to determine that savings and investment plan was "similar plan" under Iowa Code § 627.6(8)(e) despite the fact that employee could make withdrawals from plan before retirement in event of financial hardship).

Trustee finally asserts that the retirement plan is not "reasonably necessary" for Debtors' support under Iowa Code § 627.6(8)(e). In construing § 627.6(8)(e), the court in *In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Iowa 1986) set out numerous factors that must be considered on a case-by-case basis to determine if a plan is "reasonably necessary" for debtor's support. This Court has adopted this 11 factor test in *In the Matter of Hunt*, No. 87–2850, slip op. (Bankr.S.D.Iowa, September 27, 1988). The *Flygstad* factors are:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of the debtor and dependents;

(4) Health of the debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training, and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents; and

(11) Debtor's financial obligations, e.g., alimony or support payments.

*Id.* at 889, 890.

In the instant case, the Debtors' expenses exceed income; Debtors have a lack of prospects for increasing their income; Debtors have no significant liquid exempt assets; and Debtors have little ability to save for retirement. Therefore, the Court finds that the Farmland Retirement Annuity is reasonably necessary for Debtors' support.

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes that the retirement fund is property of the estate under 11 U.S.C. § 541 and is exempt under Iowa Code § 627.6(8)(e).

IT IS ACCORDINGLY ORDERED that Trustee's objection to Debtors' claim of exemption and application for a turnover of property are denied.

LET JUDGMENT ENTER ACCORDINGLY.