**In re Glen H. HUEBNER, Debtor.**

**No. C 91–3067.**

United States District Court,
N.D. Iowa, C.D.

April 15, 1992.

Ted Enabit, Mason City, Iowa, for Glen H. Huebner, Debtor.

Larry Eide, Randall Nielsen, Mason City, Iowa, for Farmers State Bank, Grafton, Iowa.

Habbo Fokkena, Clarksville, Iowa, for Chapter 7 Trustee.

Wesley Huisinga, Cedar Rapids, Iowa, for U.S. Trustee.

HANSEN, Circuit Judge, Sitting by Designation.

This matter is before the court on appellant Farmers State Bank, Grafton, Iowa's (Farmers State) appeal of an order of the bankruptcy court, entered May 22, 1991, which denied Farmers State's objections to

debtor's claim of exemption. Appellee/debtor resists appellant's appeal and urges the court to affirm the bankruptcy court's decision. Both sides have filed briefs outlining their arguments.

The facts of this matter are undisputed. Debtor filed a petition under Chapter 11 of the Bankruptcy Code on November 9, 1990. The case was converted to a Chapter 7 proceeding on November 30, 1990. Debtor claims as exempt two Aid Association for Lutherans Flexible Premium Retirement Annuities (AAL annuities) pursuant to the exemption set forth in Iowa Code § 627.-6(8)(e). Debtor initially purchased those annuities in 1979 and 1980 and has been making irregular annual contributions to the annuities. Each annuity provides debtor with three payment options: (1) cash payment in any amount up to the cash value; (2) periodic payments for a chosen length of time, not to exceed 30 years; and (3) periodic payments for the life of the annuitant, with a guaranteed payment amount for a chosen number of years. *See* order of the bankruptcy court, filed May 22, 1991, at 3. The payment amount under the third option is conditioned upon the age and sex of the annuitant at the time AAL issues the payment contract. Debtor's expressed intent was to begin receiving monthly payments sometime after he reached age 65. *See* debtor's affidavit, dated February 8, 1991. Debtor turned 65 on April 2, 1991.

Iowa Code § 627.6(8)(e) provides an exemption for "[t]he debtor's rights in ... [a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The parties stipulate that the payments under the annuities would be "necessary for the support of the debtor."

The parties also stipulate that the two annuities are qualified individual retirement annuities pursuant to the Internal Revenue Code, 26 U.S.C. § 408(b). Under the federal tax laws, benefit payments from a § 408(b) qualified individual retirement annuity must commence no later than the date on which the annuitant reaches age 70½. Any distribution prior to reaching age 59½ is subject to treatment as taxable income and a 10 percent penalty. The court also notes that one of the annuities (No. 2792166) provides a small penalty (1–4 percent) for withdrawals made within eight years of the issue date. *See* certificate of membership and annuity (No. 2792166) at § 5.1.

In *In re Gilbert*, 74 B.R. 1 (Bankr. N.D.Iowa 1985), the court construed the "on account of" language of the Iowa exemption statute. In *Gilbert*, the debtors (ages 63 and 56) purchased a single premium annuity contract with monthly payments to begin one month after purchase and to end on the date of death of the survivor. Presumably the monthly payment amount was based on the ages of the annuitants. The court noted that "on account of" could mean "triggered by" and that "an annuity would be exempt if payments were commenced because the debtor obtained a specified age." *Id.* at 2. The court also noted that "on account of" could mean "based on" and that an annuity would thus be exempt if the payment amounts were based on the age of the annuitant. *Id.* The court noted that the Supreme Court of Iowa has held that the exemption statutes should be liberally construed in favor of the debtor. *Id.* (citing *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971)). The court found that the more liberal "based on" interpretation would effectuate the purposes of the exemption law and held that the annuity involved was exempt. The court stated that it saw no difference between an annuity contract which specifically begins payments at age 63 and an annuity contract which starts immediate payments to a person who happens to be age 63. *Gilbert*, 74 B.R. at 2. In *In re McCabe*, 74 B.R. 119 (Bankr.N.D.Iowa 1986), the court followed *Gilbert* and held that a privately purchased annuity contract fell within the scope of the exemption where the contract provided that the amount of the payment was dependent upon the age and sex of the annuitant. In *Matter of Lilienthal*, 72 B.R. 277

(S.D.Iowa 1987), the United States District Court for the Southern District of Iowa followed *Gilbert* and *McCabe*. There is no indication in the courts' decisions that the annuities involved in *Gilbert*, *McCabe*, and *Lilienthal* qualify under 26 U.S.C. § 408(b).

In *In re Lawrence*, 57 B.R. 727 (Bankr. N.D.Iowa 1986), the court held that a Keogh plan is exempt under Iowa law. The question in *Lawrence* was whether a Keogh plan is a "pension, annuity, or similar plan or contract" under the statute. In *In re Pingel*, 63 B.R. 652 (Bankr.N.D.Iowa 1986), the court, following *Lawrence* and seeing no distinction between a Keogh plan and an individual retirement annuity, held that an individual retirement annuity established and qualified under 26 U.S.C. § 408(b) is exempt under Iowa law. Again, the question was whether the annuity was a "pension, annuity, or similar plan or contract" under the statute. The court did not discuss the "on account of" provision of the statute.

In *In re Matthews*, 65 B.R. 24 (Bankr. N.D.Iowa 1986), the court held that an individual retirement account (IRA) established pursuant to 26 U.S.C. § 408(a) is not exempt under Iowa Code § 627.6(8)(e). The court reasoned that the owner of an IRA has relatively unrestricted control and use of the IRA funds and that access to the IRA is unrelated to illness, disability, death, age, or length of service. *Id.* at 25–26. The court distinguished *Lawrence* on the basis that a pre-retirement withdrawal from a Keogh plan bars contributions to the plan for five years, a restriction not present in an IRA. The court did not discuss *Pingel*, *Gilbert*, *McCabe*, and *Lilienthal*. In *Matthews*, the court discussed the nature of pensions, noting that pension benefits are "akin to future earnings," i.e., sums paid as deferred wages during the employee's retirement years. *Matthews*, 65 B.R. at 25. The court went on to note that benefits are akin to future earnings when the funds may only be withdrawn after retirement. *Id.* at 25–26. In a more recent unpublished decision, a United States Bankruptcy Judge for the Southern District of Iowa, citing *Matthews*, conclud-

ed that an individual retirement annuity is not exempt under Iowa Code § 627.6(8)(e). *See Matter of Grimes*, No. 88–2554–WH (Bankr.S.D.Iowa 1990). The court found no distinction between an IRA under § 408(a) and an individual retirement annuity under § 408(b). *Id.*, slip op. at 6 n. 1.

The court is also guided by *In re Pettit*, 55 B.R. 394 (Bankr.S.D.Iowa), *aff'd*, 57 B.R. 362 (S.D.Iowa 1985), *In re Hutton*, 893 F.2d 1010 (8th Cir.1990), and *In re Lingle*, 119 B.R. 672, 676 (Bankr.S.D.Iowa 1990). These cases construe the language "similar plan or contract" in Iowa Code § 627.6(8)(e). These cases reason that pensions and annuities have a common characteristic of control of the fund by someone other than the debtor and strong limitations on withdrawals from the fund. *Hutton*, 893 F.2d at 1011; *Lingle* 119 B.R. at 676. The *Hutton* court found that the savings and investment plan involved in that case, which restricted withdrawal from the plan until retirement except for financial hardship, qualified as a "similar plan or contract," as the plan was controlled by debtor's employer and as there were strong limitations on withdrawal. *Id.* In *Lingle*, the court examined a retirement annuity established under ERISA and concluded that the annuity met the criteria for a "pension, annuity or similar plan or contract" under Iowa Code § 627.6(8)(e).

■ In order to qualify for the exemption under Iowa Code § 627.6(8)(e), a payment under an annuity contract must be "on account of illness, disability, death, age, or length of service." The annuity contracts at issue in this case provide that "[t]he owner may withdraw all or part of the cash value of this certificate on any date while the annuitant is alive." Certificates of Membership and Annuity at § 5.1. The annuitant may chose among several payment options including a lump sum cash payment, periodic payments over a period of time (not to exceed 30 years), or payment for life with a guaranteed number of years. *Id.* at § 8.2. Although the payment *amounts* under the third option are tied to the age and sex of the annuitant, the *right* to receive payments from the

AAL annuities is not tied to or restricted by the annuitant's age.

■ After having considered the above somewhat inconsistent authorities, the court concludes that the annuities at issue in this matter are not exempt under Iowa Code § 627.6(8)(e). The key issue is whether debtor's ability to withdraw from the annuities is substantially restricted. *See Matthews*, 65 B.R. at 26; *Hutton*, 893 F.2d at 1011. Debtor's ability to withdraw from the AAL annuities is substantially unrestricted, except for the penalties established by the tax code and the minor contractual restrictions established in one of the annuities. This court agrees with *Grimes* and does not find a relevant distinction between the AAL annuities and an IRA established under 26 U.S.C. § 408(a).

■ In this matter, the bankruptcy court reasoned that "[a]lthough neither AAL annuity expresses a specific age upon which payments are to commence, the court finds that the fact the annuity is payable during Huebner's retirement years satisfies the 'on account of age' requirement of § 627.6(8)(e)." Order, filed May 22, 1991, at 5. The bankruptcy court cited *Lilienthal*, *Gilbert*, and *McCabe* in support of that conclusion. The court does not find debtor's expressed intent to begin receipt of payments after his sixty-fifth birthday to be dispositive. While debtor may have personally intended to begin payments from the annuity when he reached age 65, his options under the annuity contract were not so limited. Unlike the bankruptcy court below, the court believes that it must look to the nature of the annuity and the options available to the annuitant, rather than to debtor's subjective intentions as to how he will exercise his withdrawal rights under the annuity. The court finds that a test which would depend on the annuitant's intent is unworkable and is prone to manipulation. The court notes that in *Gilbert*, *Lilienthal*, and *McCabe*, the annuity involved was purchased, presumably with nonexempt assets, by the debtor only a few days before filing the bankruptcy petition.[1] Further, an annuitant might purchase the annuity with the intent of using it as a tax deferment vehicle and to withdraw the funds as needed after age 59½, but declare on the eve of bankruptcy that he or she intended to begin receiving payments at age 65. Finally, an intent test opens the door to questions of whether other assets would qualify under Iowa Code § 627.6(8)(e). For example, could a debtor argue that she intends to begin withdrawals of the funds in her passbook savings account at age 65 with the amount of each withdrawal to be determined based on her life expectancy at age 65? The court does not find that a test which looks to the debtor's intent to treat an otherwise unrestricted asset as an age based retirement fund is contemplated by the Iowa statute.

■ While this court readily acknowledges that it is well settled Iowa law that Iowa's exemption statutes are to be liberally construed in favor of the debtor, *Frud-*

---

1. That concern is not involved in this case, as the annuities were originally purchased approximately ten years prior to debtor's filing of his bankruptcy petition. *Cf. Pingel*, 63 B.R. at 653 ("I particularly note the lack of any indication of abuse of creditors by the setting up and funding of the retirement plan ... contributions were not made in contemplation of a bankruptcy filing."). Deposition exhibits 4 and 5 set forth several contributions to and one withdrawal from the annuities by debtor.

The court notes that on April 13, 1992, the Governor signed an act which amended the language of § 627.6(8)(e) to exempt:

A payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, unless the payment or a portion of the payment results from contribu-

tions to the plan or contract by the debtor within one year prior to the filing of a bankruptcy petition, which contributions are above the normal and customary contributions under the plan or contract, in which case the portion of the payment attributable to the contributions above the normal and customary rate is not exempt.

Act Relating to the Exemption From Execution for a Debtor's Rights in a Payment Under a Pension, Annuity, or Similar Plan or Contract, S.F. 2275, § 1 (April 13, 1992). The Act applies retroactively to all bankruptcy matters pending on January 1, 1992. *Id.* § 2. The court finds that these changes in the exemption statute do not affect the analysis of this opinion, and leaves it to the bankruptcy court on remand to determine if this Act otherwise affects this case.

*den Lumber*, 183 N.W.2d at 203, the court also should not "depart substantially from the express language of the exemption statute or extend the legislative grant." *Matter of Knight*, 75 B.R. 838, 839 (Bankr. S.D.Iowa 1987) (citations omitted). Consequently, this court respectfully disagrees with the reasoning of *Gilbert* and the cases following *Gilbert*. This court finds that "on account of" is more appropriately interpreted to mean "triggered by." The word "age" cannot be read in isolation, as the *Gilbert* court does. The statute reads "on account of illness, disability, death, age, or length of service." The other terms in the list, particularly illness, disability, and death, connote a "triggering" event for the payment. Under a pension plan, benefit payments are generally triggered by reaching a specified age or specified length of service. Although the amount of each payment may be based on age or length of service, the court finds that the words "on account of" are more appropriately read as "triggered by."

Debtor's right to payment from the AAL annuities is not triggered by any specific event. An AAL annuitant has an essentially unrestricted right to design a payment schedule, subject to the tax penalties for withdrawal prior to age 59½. In this case, as debtor turned 59½ prior to filing his bankruptcy petition, the tax penalties do not even operate as a restriction. The court finds that the AAL annuities are not exempt under Iowa Code § 627.6(8)(e). Accordingly, the decision of the bankruptcy court will be reversed.

ORDER:

Accordingly, It Is Ordered:

The bankruptcy court's order of May 22, 1991, is reversed. This matter is remanded to the bankruptcy court for further proceedings in light of the text of this order.

Done and Ordered.