In re Walter Aaron **HICKENBOTTOM,** and **Hazel Marie Hickenbottom, aka Hazel Marie Worrall, aka Hazel Marie Ladd, Debtors.**

Bankruptcy No. 92–01903.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Aug. 31, 1992.

**932**

Peter H. Arkison, Bellingham, Wash., for trustee.

Tom Lester, Tario & Associates, Bellingham, Wash., for debtors.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

SAMUEL J. STEINER, Chief Judge.

The debtors have claimed an exemption in their Individual Retirement Account (IRA) under Section 522(d)(10)(E) of the Bankruptcy Code. The Trustee has objected to the exemption and has moved for summary judgment. As of December 31, 1991, the balance in the account was $4,547.27. If the account is liquidated, the actual amount available after payment of penalties will be between $1,137 and $2,683.

## DISCUSSION

Section 522(d)(10)(E) provides that a debtor may exempt his or her right to receive

a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954.

. . . . .

The trustee contends that IRAs are not included under Section 522(d)(10)(E), because 1) IRAs are established by the debtor for the debtor and as such are included in the insider exception of subparagraph (i); 2) IRAs are not "similar plan[s]" under the language of the statute, because they are under the debtor's control; 3) public policy dictates that IRAs should not be exempt; and 4) the debtors in this case have not established that their IRA is reasonably necessary for their support.

Counsel have not cited nor has the Court been able to find an appellate case directly in point. However, the Bankruptcy Court for the Western District of Wisconsin has performed an exhaustive review of the case law and has reached a rational conclusion in *In re Cilek*, 115 B.R. 974 (Bankr. W.D.Wis.,1990). That Court concludes that IRA accounts are exempt under Section 522(d)(10)(E), to the extent reasonably nec-

essary for the support of the debtor and the debtor's dependents.

■ 1. *Are IRAs included in the insider exception of Section 522(d)(10)(E)(i)?* The exemption for retirement plans is subject to an exception for plans or contracts (i) established by an insider that employed the debtor, (ii) where payments are made on account of age or length of service, *and* (iii) the plan does not qualify under certain provisions of the Internal Revenue Code, including Section 408. The elements of the exception are joined with a conjunction; hence all three elements must be met if the exception is to apply. Since IRA accounts are governed by Section 408 of the Internal Revenue Code, they are not disqualified from exemption under Section 522(d)(10)(E).

2. *Are IRAs "similar plan[s]" under the language of the statute?* The trustee suggests that the IRA should not be exempt because the debtor has control over the account.

■ Section 522(d)(10)(E) permits the debtor to exempt payments under "a stock bonus, pension, profit-sharing, annuity, *or similar plan....*" (Emphasis supplied.) The legislative history characterizes the benefits included in paragraph (10) as being "akin to future earnings," the intent being to "ensure that such benefits are available for retirement purposes." *In re Pauquette*, 38 B.R. 170 (Bankr.D.Vt.1984). A small number of courts, including *Pauquette*, have concluded that IRAs do not qualify for the exemption because the debtor retains control over such funds and may thus divert them for other purposes.

The Court in *In re Cilek* rejects this approach, noting that the issue of control, while relevant if the asset at issue is alleged to be a spendthrift trust under Section 541, is not a factor in determining the validity of an exemption.

Control relates to the ownership of assets, not the efficacy of exemptions. The purpose of 11 U.S.C. Section 522(d) is to provide for the basic needs of discharged debtors and the concept of control does not rationally relate to a discharged debtor's basic needs. Those

courts which distinguish IRAs from other retirement plans because of the debtor's control over the IRA mistakenly apply a concept helpful in determining the property of the estate under the Act to the unrelated determination of exemptions under the Code.

Accordingly, just as a claimed exemption for a homestead or a motor vehicle shall not be denied because the debtor controls his house or his car, a claimed exemption for an IRA shall not be denied because the debtor controls the IRA.

115 B.R. at 987.

The *Cilek* Court reasons that "similar plan" means a plan which shares characteristics in common with the four specific types of plans listed in Section 522(d)(10)(E). The four plans listed differ substantially from one another. The one important characteristic they share is that they provide a substitute for future wages. While IRAs also differ from the other plans listed, they are similar in that they are designed to provide retirement benefits to individuals. They are not merely savings accounts, in that depositors may not withdraw funds from an IRA without paying a substantial penalty of 10% in addition to the deferred income tax. Further, IRAs may be funded with stock and not merely cash. The Court concludes that IRAs are similar to pensions in the sense intended by the statute, that is, "Just as pensions were designed to function as a substitute for future earnings, so too were IRAs designed to function as a substitute for future earnings." 115 B.R. at 988.

■ 3) *Does public policy dictate that IRAs should not be exempt?* The policy that is furthered by exemption statutes is that of giving honest debtors a fresh start. More specifically, the policy behind the pension exemption is to protect a debtor's future income stream. Congress' commitment to this policy is well illustrated in the favorable tax treatment given on account of funds devoted to retirement plans, as well as the anti-assignment protection afforded other ERISA-qualified plans. IRAs are often the only source of retirement funds which self-employed individuals have

been able to put together. By virtue of the $2,000 limitation on the amount that may be contributed to an IRA each year, such accounts are typically much smaller than other pension plans that are fully protected. To conclude that an IRA is not exemptible under Section 522 would discriminate against self-employed individuals whose marginal income and lack of sophistication preclude their participation in other, less limited plans. The need to protect creditors against debtors placing large sums into pension funds in order to avoid paying their debts is met by the need limitation contained in Section 522(d)(10)(E).

In response to a similar argument, the *Cilek* Court stated:

> Such an argument betrays a bias against exemptions which finds no basis in the language of the Bankruptcy Code and a disdain for the legislative branch which loses sight of the purpose of the Bankruptcy courts. Debtors may plan their bankruptcies to take full advantage of the exemption laws and upon discharge debtors may do whatever they wish with their exempt property.... Accordingly, this Court disagrees with the argument that IRA exemptions are against public policy.

115 B.R. at 988.

4) *Have the debtors met their burden of establishing that the IRA is reasonably necessary for their support?* The party objecting to an exemption has the burden of proving that the exemption is not properly claimed. In this case, the trustee must establish that the $4,547.27 claimed exempt is not reasonably necessary for the support of the debtors and their dependents.

Mr. Hickenbottom is a self-employed truck driver, and Ms. Hickenbottom is an account clerk. On their Schedule I, they report $1,200 net income for Ms. Hickenbottom. Mr. Hickenbottom's monthly gross income is $4,640. Deducting $2,866 in business expense as shown on Schedule J, it appears that Mr. Hickenbottom's net income is roughly $1,774. The debtors have no dependents. They own a house which has a value of $53,220 and an encumbrance of $50,700. They own a number of vehicles, most of which are encumbered. They also own a 1973 Bayliner boat and trailer valued at $1,000. The trustee has liquidated a 1984 Western Star Tractor. The remainder of their property consists of household goods and a set of wedding rings. They are both 46 years old. They established the IRA in 1986 and have not added to it since then. They state that they will be entitled to limited social security benefits and will need the IRA to fund their limited retirement.

This Court concludes that the trustee has met his burden of showing that the $4,000 which the debtors have been able to put aside will not be reasonably necessary for their future support. Actually, such a small IRA offers little chance of becoming so large that it would generate a stream of income greater than the debtors' retirement needs.

### CONCLUSION

1. The IRA accounts are exemptible by the debtors.

2. The trustee's objection should be overruled and his motion for summary judgment should be denied.

3. Pursuant to *In re Palmer,* 140 B.R. 765 (Bankr.C.D.Cal., 1992), summary judgment should be entered in favor of the debtors.