**In re Robert Leroy EVENSON and Linda Lajean Evenson, Debtors.**

**Bankruptcy No. 92–21779.**

United States Bankruptcy Court, E.D. Michigan, S.D., at Flint.

March 17, 1994.

Francis A. Krcmarik, Flint, MI, for debtors.

Michael A. Mason, Trustee.

## MEMORANDUM OPINION SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S 11 U.S.C. § 522(d)(10)(E) EXEMPTION OF INDIVIDUAL RETIREMENT ACCOUNT

ARTHUR J. SPECTOR, Bankruptcy Judge.

The trustee objects to the Debtor Linda Evenson's claim of exemption in an individual retirement account (IRA) under 11 U.S.C. § 522(d)(10)(E). Because I agree with the trustee that the IRA plan or contract in this case does not restrict the Debtor's right to receive payment except "on account of illness, disability, death, age or length of service," I will sustain the objection.

Robert and Linda Evenson filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code. Mrs. Evenson claimed her interest ($3,427) in her IRA as exempt under § 522(d)(10)(E), which states that a debtor may exempt her "right to receive— ... (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service."

According to the view espoused in *In re Cilek,* 115 B.R. 974 (Bankr.W.D.Wis.1990), the "on account of" provision in § 522(d)(10)(E) is irrelevant to IRA's because that "phrase ... only modifies the term 'contract'; ... [it] does not modify the phrase 'stock, bonus, pension, profitsharing, annuity, or similar plan.'" *Id.* at 989. *See also In re Hall,* 151 B.R. 412, 427 n. 39, 28 C.B.C.2d 789 (Bankr.W.D.Mich.1993) (implicitly endorsing *Cilek*'s interpretation); *In re Hickenbottom,* 143 B.R. 931, 932–33, 27 C.B.C.2d 1467 (Bankr.W.D.Wash.1992) (same). There are at least two flaws in this analysis of § 522(d)(10)(E). First, it simply does not square with a natural reading of the statute.

---

Second, the conclusion in *Cilek* raises the obvious question as to why Congress would place a limit on the ability of debtors to exempt "contract" payments but not do so with respect to "plan" payments. In this regard, an opinion upon which the Debtor relied actually makes a good case for viewing the plan/contract distinction as irrelevant. In *Hall*, the court noted that under the Internal Revenue Code, individual retirement annuities can appropriately be described as either a plan or a contract, and inferred "that individual retirement accounts and individual retirement annuities are also considered 'plans or contracts' under the Bankruptcy Code." 151 B.R. at 427. *See also, e.g.,* 26 U.S.C. § 408(d)(2)(A) (For purposes of taxing distributions, "all individual retirement *plans* [a term which includes IRAs, *see* 26 U.S.C. § 7701(a)(37)(A) ] shall be treated as 1 *contract.*" (emphasis added)). The conclusion that any difference (assuming one exists) between "plans" and "contracts" is inconsequential in this context is further supported by the fact that subparagraphs (i) and (iii) of § 522(d)(10)(E) make repeated references to "such plan or contract" without distinguishing the two terms. I therefore disagree with *Cilek*'s interpretation of the statute. Consequently, I must determine whether Mrs. Evenson's right to payment from her IRA is "on account of" any of the statutory factors.

There appear to be two schools of thought regarding the meaning of the phrase "on account of." When confronted with an Iowa exemption statute that is substantially the same as § 522(d)(10)(E), a pair of cases out of the Northern District of Iowa held that this language should be construed "as meaning 'based on'" the factors listed in the statute. *In re Gilbert,* 74 B.R. 1, 2 (Bankr. N.D.Iowa 1985) (Wood, J.). *See also In re McCabe,* 74 B.R. 119, 120 (Bankr.N.D.Iowa 1986 (Melloy, J.). With respect to the age criterion, this "based on" requirement would apparently be satisfied if "the amount of payment is dependent upon the age" of the

payee. *McCabe,* 74 B.R. at 120. The alternative view, also from the Northern District of Iowa and involving the same Iowa statute, is that "on account of" refers to payment rights which are "triggered by" the events listed in the statute. *See In re Huebner,* 141 B.R. 405, 409 (N.D.Iowa 1992), *aff'd,* 986 F.2d 1222 (8th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993).

The interpretation of § 522(d)(10)(E) offered in *Gilbert* and *McCabe* is somewhat strained. The phrase "on account of" is defined as meaning "for the sake of: by reason of: because of." *Webster's Ninth New Collegiate Dictionary* (1985). Thus § 522(d)(10)(E) can fairly be restated as providing that a right to payment may be exempted if such right is "because of" the debtor's having attained a specified age, for example. That is different from stating, as *Gilbert* and *McCabe* suggest, that the right of payment may be exempted if the *amount* of that payment is a function of the debtor's age. Contrary to these cases, then, I think the better view, stated by *Huebner,* is that "on account of" refers to payment rights which are triggered by the events listed in the statute.

In any event, the IRA in question does not satisfy the "on account of" term of the section viewed by either standard. Mrs. Evenson is 53 years old. She may currently withdraw funds from her IRA only on pain of a 10% penalty. 26 U.S.C. § 72(t).[1] While it is true that she will have to wait until she is at least 59½ to withdraw penalty-free, *id.,* she cannot contest that she presently has a right to receive payment from the IRA.

There is a definite split of authority on the question of whether this type of a right to payment satisfies the "on account of" requirement. *Compare In re Moss,* 143 B.R. 465, 27 C.B.C.2d 918 (Bankr.W.D.Mich.1992); *In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt. 1984) (denying exemption)[2] *with In re Hall,*

---

1. A review of the IRA custodial agreement discloses no restriction on Mrs. Evenson's right to withdraw funds right now. Of course, the law requires that she pay a penalty if she does.

2. In addition to these cases which interpreted the "on account of" term in § 522(d)(10)(E), the

following cases denied exemption for IRAs based on state laws containing the same "on account of" term. *In re Huebner,* 986 F.2d 1222, 1225 (8th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 272, 126 L.Ed.2d 223 (1993) (involving Iowa exemption statute and individual retirement annuity," which is not materially different from

151 B.R. 412, 28 C.B.C.2d 789 (Bankr. W.D.Mich.1993); *In re Hickenbottom*, 143 B.R. 931 (Bankr.W.D.Wash.1992); *In re Chiz*, 142 B.R. 592 (Bankr.D.Mass.1992); *Cilek, supra* (allowing exemption). Because the reasoning of the former line of cases is more persuasive, and I conclude that the Debtor has a present right to receive payment from her IRA, her right to receive payment from this IRA is not "on account of" factors enumerated in § 522(d)(10)(E).

No good purpose would be served in a lengthy reiteration of the rationale of those cases here. Suffice to say, I, like Judge Gregg in *Hall* believe "the answer to whether an individual retirement plan is exempt lies in the statutory language itself." *Hall,* 151 B.R. at 425. And I agree that "[e]ffect must be given to every word, phrase or sentence of a statute." *Id.* But I also agree with Judge Stevenson in *Moss,* that: it is the words "on account of" which precludes an IRA from a § 522(d)(10)(E) exemption because, even though the IRA is a "similar plan or contract," the Debtor's right to payment thereunder is not "on account of" any of the enumerated factors. *Moss,* 143 B.R. at 466.

The Debtor relies solely upon *Hall.* As noted, *Hall* persuasively argued that an IRA is a "similar plan or contract" for purposes of § 522(d)(10)(E). *See* 151 B.R. at 425–27. But the trustee properly concedes that point. Unfortunately, *Hall* did not discuss the question of whether payments from an IRA satisfy that subsection's "on account of" requirement.

One could argue that by holding that the Debtor's IRA is not exempt under § 522(d)(10)(E) because it does not restrict withdrawal except "on account of" age or other specified factor, I am: 1) writing

§ 522(d)(10)(E) out of the Code and 2) ignoring an express contrary conclusion by the Supreme Court. But these positions would not be well-taken.

The intent of Congress in enacting § 522(d)(10)(E) was "to insure that such benefits are available for retirement purposes or in the event of disability or termination of employment." *In re Sheridan,* 38 B.R. 52, 56 (Bankr.D.Vt.1983). Many stock bonus, pension, profitsharing, annuity and similar plans or contracts provide significant restrictions upon withdrawals.[3] These types of plans or contracts "limit the beneficiary's ability to obtain funds to certain drastic events (*e.g.* disability, death, retirement or termination of employment). . . ." *In re Pettit,* 61 B.R. 341, 347–48 (Bankr.W.D.Wash. 1986). For example, a person covered by his employer's pension plan might have his employment terminated (voluntarily or otherwise) yet be denied distribution from the pension plan until he reaches the prescribed age. Such a person has a right to receive payment only "on account of" age or other enumerated factor. And since not all such plans or contracts would be excluded from the estate under § 541(c)(2) as ERISA-qualified, *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), § 522(d)(10)(E) would be necessary if a debtor wished to keep one from the trustee.

The most obvious reason that such criticism lacks merit is that I do not hold that IRAs as a class are not exempt. All I say here is that *this* IRA is not exempt. I believe IRAs can exist which do meet the "on account of" test of § 522(d)(10)(E). There is nothing in the legislation establishing IRAs or the tax regulations regarding them which

---

"individual retirement account") *see In re Cilek,* 115 B.R. 974, 976, n. 1 (Bankr.W.D.Wis.1990); *In re Kleist,* 114 B.R. 366, 368, 22 C.B.C.2d 1593 (Bankr.N.D.N.Y.1990) (involving a profitsharing plan and a New York statute); *In re Matthews,* 65 B.R. 24 (Bankr.N.D.Iowa 1986) (Iowa statute); *In re Innis,* 62 B.R. 659 (Bankr.S.D.Cal.1986) (California statute); *In re Fichter,* 45 B.R. 534, 535 (Bankr.N.D.Ohio 1984) (Ohio statute); *In re Peeler,* 37 B.R. 517 (Bankr.M.D.Tenn.1984) (Tennessee statute); *cf. In re Iacono,* 120 B.R. 691, 694 (Bankr.E.D.N.Y.1990) (among the reasons that an IRA is not exempt under a similar New

York statute is because the debtors "can withdraw the funds at any time, albeit with a tax or institutional penalty . . ."); *In re Kitson,* 43 B.R. 589 (Bankr.C.D.Ill.1984) (similar regarding Illinois statute).

**3.** Neither party provided any information about the types of plans or contracts specifically enumerated in 11 U.S.C. § 522(d)(10)(E). And, as my knowledge of such things are no better than any layperson's, it could very well be that most or all such plans or contracts impose significant withdrawal restrictions on participants.

prohibits a person from including in the IRA contract a provision that the trustee may not disburse until age 59½ except for certain of the hardships specified in 26 U.S.C. § 72(t).[4] By including such a spendthrift provision, a person would retain the tax benefits of an IRA and the exemptibility under § 522(d)(10)(E). Of course, such a provision would come at the expense of control. And, as Judge Stevenson said in *Moss,* that's the point. If an IRA is like most (and the one involved here), providing a right to payment at will, it allows for control and is therefore not on account of one of the enumerated factors: "illness, disability, death, age or length of service." So, even though an IRA like the one here, which does not limit withdrawals to these types of events, would not be exempt under § 522(d)(10)(E), that section has utility.

A stray comment in *Patterson v. Shumate, supra,* could cause one to believe incorrectly that the issue of whether IRAs are exempt under § 522(d)(10)(E) has been foreclosed. In explaining why 11 U.S.C. § 541(c)(2)'s exclusion from the estate in the first instance of ERISA-qualified pension plans does not make § 522(d)(10)(E) surplusage, the Supreme Court noted that "§ 522(d)(10)(E) exempts from the bankruptcy estate a much broader category of interests than § 541(c)(2) excludes." — U.S. at —, 112 S.Ct. at 2249, 119 L.Ed.2d at 530. The Court then said, "Although a debtor's interest in [IRAs] could not be excluded under § 541(c)(2) because the plans lack transfer restrictions enforceable under 'applicable non-bankruptcy law,' that interest nevertheless could be exempted under § 522(d)(10)(E)." *Id.*

I consider this statement dictum. First, the Court described IRAs as plans which "*could be* exempted;" it did not say "IRAs *are* exempt" or similar unconditional language. I, too, believe that an IRA *could be* exempted under § 522(d)(10)(E)—but only if it denies the debtor the power to withdraw the funds except for one of the enumerated reasons. Second, the Court was simply not

faced with the question of whether an IRA which allows a debtor unrestricted rights to the funds at any time (albeit upon suffering a 10% penalty) is a plan which satisfies the "on account of" requirement of § 522(d)(10)(E).

Because Mrs. Evenson's right to receive payment from her IRA is not "on account of illness, disability, death, age, or length of service," she has no right to claim it exempt under § 522(d)(10)(E). Therefore, an order will enter sustaining the trustee's objection to that claim of exemption.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S 11 U.S.C. § 522(d)(10)(E) EXEMPTION OF INDIVIDUAL RETIREMENT ACCOUNT

For the reasons stated in the Memorandum Opinion accompanying this order, the trustee's objection to the allowance of Debtor Linda Evenson's claim of exemption in an individual retirement account pursuant to 11 U.S.C. § 522(d)(10)(E) is sustained.

**IT IS SO ORDERED.**

---

4. Only some of the factors listed in § 72(t) are clearly consistent with 11 U.S.C. § 522(d)(10)(E)'s "on account of" test. Such factors are the death (§ 72(t)(2)(A)(ii)), disability (§ 72(t)(2)(A)(iii)), or illness (§ 72(t)(2)(C)) of the employee; and the employee's loss of employment after attainment of age 55 (§ 72(t)(2)(A)(v)).