In re Cynthia Diane HERMES, Debtor.

Cynthia Diane Hermes, Appellant,

v.

Debra N. Ribitwer, individually and Debra N. Ribitwer & Associates, P.C., and K. Jin Lim, Chapter 7 Trustee, Appellees.

No. 98–CV–74694–DT.
Bankruptcy No. 98–43301–WS.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 15, 1999.

Paul B. Gigliotti, Thomas J. Budzynski, Clinton Twp., MI, for appellant.

Michael D. Lieberman, Southfield, MI, for appellees.

Timothy J. Miller, Detroit, MI, for trustee.

## OPINION AND ORDER REVERSING DECISION OF BANKRUPTCY COURT

DUGGAN, District Judge.

### Background

This matter is before the Court on debtor Cynthia Hermes's ("debtor") bankruptcy appeal. This matter originally came before the bankruptcy court on objections

by creditors and the trustee to exemptions by debtor, wherein debtor claimed as exempt an individual retirement account ("IRA") in her name.

On February 20, 1998, debtor filed a voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code. Along with her bankruptcy petition, debtor also filed a schedule of assets. In listing her assets, debtor disclosed that she possessed an interest in an American Century IRA, with a value of $17,668.00. Debtor claimed the IRA as an exempt asset under 11 U.S.C. § 522(d)(10)(E). The bankruptcy court ruled as a matter of law that the IRA was property of the estate under 11 U.S.C. § 541(c)(2), that debtor's IRA was not exempt under § 522(d)(10)(E), and that the Equal Protection Clause of the Fourteenth Amendment did not apply to the different classifications of the pension plans.

**Discussion**

*Standard of Review*

■ The district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. *See* 28 U.S.C. § 158(a).

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

FED.R.BANKR.P. 8013. This Court reviews *de novo* the bankruptcy court's conclusions of law, and reviews its findings of fact for clear error. *In re Rembert*, 141 F.3d 277, 280 (6th Cir.), *cert. denied sub nom. AT & T Universal Card Servs., Inc. v. Rem-*

*bert*, —— U.S. ——, 119 S.Ct. 438, 142 L.Ed.2d 357 (1998).

*Is the IRA Property of the Estate Under 11 U.S.C. § 541(c)(2)?*

■ The bankruptcy court, relying on its prior opinion in *In re Zott*, 225 B.R. 160 (Bankr.E.D.Mich.1998), held that the IRA is property of the debtor's estate.[1] In *In re Zott*, Judge Shapero stated:

> Under 11 U.S.C. § 541(a)(1), a debtor's bankruptcy estate generally consists of all of the debtor's legal and equitable interests in property at the time of filing.... However, under § 541(c)(2), a debtor may exclude from property of the bankruptcy estate any interest in a trust that contains a transfer restriction enforceable under applicable nonbankruptcy law. *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

*In re Zott*, 225 B.R. at 163 (footnote omitted). Relying on *In re Dunn*, 215 B.R. 121 (Bankr.E.D.Mich.1997), Judge Shapero stated:

> The application of § 541(c)(2) to a trust requires a three-step inquiry.... First, whether the debtor's interest is a beneficial interest held in a "trust;" second, whether there is a restriction on the transfer of the debtor's beneficial interest; and third, whether that restriction is enforceable under applicable federal or state nonbankruptcy law.

*Id.* (citations omitted).

In the case *sub judice,* as in *Zott*, there does not appear to be a serious dispute that the first requirement is met. However, appellees contend that the second and third requirements are not met and thus, the IRA is not excluded from the bankruptcy estate. Specifically, appellees argue that the IRA does not contain a restriction on transfer because the IRAs themselves do not provide for a restriction upon alienation. Debtor contends that the

---

**1.** Appellee Ribitwer while agreeing with the bankruptcy court's conclusion that the IRA is property of the estate, noted that the debtor did not indicate in her schedules that the IRA account was excluded from her bankruptcy estate (Appellee's Br. at 10).

"restriction upon alienation" requirement is satisfied because of the "antialienation" provision found in Michigan law, MICH. COMP.LAWS § 600.6023. This Court disagrees.

In *Patterson v. Shumate, supra,* the Supreme Court held that the bankruptcy code excludes from the bankruptcy estate property of the debtor that is subject to a restriction on the transfer enforceable under "applicable nonbankruptcy law." In ruling that the provisions of ERISA meet the "nonbankruptcy law" requirement, the Supreme Court stated:

> Section 206(d)(1) of ERISA, which states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated," 29 U.S.C. § 1056(d)(1), clearly imposes a "restriction on the transfer" of a debtor's "beneficial interest" in the trust.

> * * *

> The antialienation provision required for ERISA qualification and contained in the Plan at issue in this case thus constitutes an enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate.

*Shumate,* 504 U.S. at 759–60, 112 S.Ct. at 2247–48.

The Court, in essence, held that plans that are "ERISA qualified" are excluded from the bankruptcy estate because to be ERISA qualified, the plan must contain an antialienation provision. Debtor's IRA does not contain an "antialienation" provision and the fact that the Michigan statute places restrictions on a creditor's ability to reach the funds in an IRA, does not, in this Court's opinion, satisfy the requirement that the IRA must contain an antialienation provision. The language in the IRA itself contains no provisions that prohibit debtor from transferring or withdrawing funds.[2] Accordingly, this Court agrees with the bankruptcy court that the IRA is property of the estate.

*Is the IRA Exempt Under § 522(d)(10)(E)?*

█ Although an asset may not be excluded from the bankruptcy estate, nevertheless, it may be exempt.

Pursuant to § 522(d)(10)(E), a debtor may exempt from the bankruptcy estate:

(10) The debtor's right to receive—

* * *

(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

* * *

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age of length of service; and

(iii) such plan or contract does not qualify under § 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

---

**2.** The Court acknowledges the penalty that may be imposed on debtor for withdrawing funds under certain circumstances. The fact that the statute on which debtor relies places some restrictions on third parties, *i.e.,* a creditor's ability to reach the assets, does not, in this Court's opinion, constitute an antialienation provision as the Supreme Court addressed in *Shumate.* In *Shumate,* the Court referred to the ERISA language—"Each pension plan shall provide that benefits provided under the Plan may not be assigned or alienated," and explained that the language plainly imposed a restriction on the transfer of a debtor's beneficial interest in the trust. *Shumate,* 504 U.S. at 759, 112 S.Ct. at 2247. The Michigan statute does not, in this Court's opinion, impose a similar restriction on the transfer of the beneficial interest in the trust. *See In re Zott,* 225 B.R. 160 (Bankr.E.D.Mich. 1998); *In re Harless,* 187 B.R. 719 (Bankr. N.D.Ala.1995).

Debtor contends that the IRA is exempt because it meets the requirements of paragraph (10)(E) because it involves a right to receive a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service. Debtor further contends that the IRA is not "excluded" from the exemption because it meets the requirement of subparagraph (iii), *i.e.*, it does qualify under § 408 of the Internal Revenue Code. (To be "excluded" from the exemption, the plan or contract would have to meet *all* the provisions of subparagraphs (i) through (iii) because such provisions are in the conjunctive.)

Appellees contend, and Judge Shapero agreed, that IRAs do not meet the provisions of paragraph (E) because the debtor has a right to receive payment *other than* "on account of illness, disability, death, age, or length of service" because a debtor may withdraw funds from an IRA prior to obtaining the "required" age of 59½, but that such withdrawal will result in a ten percent penalty and appropriate income tax consequences. It is this feature of an IRA that, in Judge Shapero's opinion, distinguishes it from a "stock bonus, pension, profit sharing, or annuity" and prevents it from being a "similar plan or contract." Therefore, Judge Shapero concluded that debtor's IRA was not exempt.

While many courts agree with Judge Shapero's conclusion,[3] a significant amount of authority also exists to the contrary.[4] This Court concludes that the reasoning adopted by those courts that hold that the IRA is exempt is more persuasive and accordingly, this Court concludes that the IRA is exempt.[5]

This Court reaches such conclusion for the following reasons:

(1) Section 522(d)(10)(E) makes exempt a debtor's right to receive payment under a stock bonus, pension, profit sharing, annuity, or "similar plan." This Court believes that an IRA is a plan that is "similar" to those specifically listed. IRAs have a significant characteristic that is common to pension and profit sharing programs, *i.e.*, all three programs are intended to provide a substitute for future wages, *i.e.*, they are designed to provide retirement benefits to individuals.[6]

The legislative history characterizes the benefits included in paragraph (10) as being "akin to future earnings," the intent being to "ensure that such benefits are available for retirement purpose."

*In re Hickenbottom*, 143 B.R. 931, 933 (Bankr.W.D.Wash.1992) (quoting *In re Pauquette*, 38 B.R. 170 (Bankr.D.Vt.1984)).

[T]he four types of plans or contracts that are listed by name in paragraph (d)(10)(E) as per se exempt are substitutes for future earnings. IRAs too are substitutes for future earnings in that they are designed to provide retirement benefits to individuals. The age limita-

---

3. *See, e.g., In re Snyder,* 206 B.R. 347 (Bankr. M.D.Pa.1996); *In re Evenson,* 165 B.R. 27 (Bankr.E.D.Mich.1994); *In re Moss,* 143 B.R. 465 (Bankr.W.D.Mich.1992); *In re Herbert,* 140 B.R. 174 (Bankr.N.D.Ohio 1992); *In re Damast,* 136 B.R. 11 (Bankr.D.N.H.1991); *In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt.1984).

4. *See, e.g., In re Carmichael,* 100 F.3d 375 (5th Cir.1996); *In re Rawlinson,* 209 B.R. 501 (9th Cir. BAP 1997); *In re Gralka,* 204 B.R. 184 (Bankr.W.D.Pa.1997); *In re Link,* 172 B.R. 707 (Bankr.D.Mass.1994); *In re Hall,* 151 B.R. 412 (Bankr.W.D.Mich.1993); *In re Hickenbottom,* 143 B.R. 931 (Bankr.W.D.Wash. 1992); *In re Cilek,* 115 B.R. 974 (Bankr. W.D.Wis.1990).

5. The Supreme Court has noted in dicta that IRAs could be exempted under § 522(d)(10)(E). *See Shumate,* 504 U.S. at 763, 112 S.Ct. at 2249.

6. The Court notes that profit sharing plans, which are specifically exempted by the statute, permit participants to withdraw up to the entire amount upon payment of a penalty, similar to IRAs. *See In re Carmichael,* 100 F.3d at 379. The Court further notes that it is axiomatic that the title "Individual Retirement Account" connotes Congress' intent to provide a vehicle for individual "retirement" savings.

tion on withdrawal illustrates Congress' intent to provide income to an individual in his advanced years. To exempt an IRA as a "similar plan or contract," then, is consistent with the treatment of other deferred compensation and retirement benefits.

*In re Carmichael,* 100 F.3d 375, 378 (5th Cir.1996). "IRAs, like those plans and contracts 'are substitutes for future earnings in that they are designed to provide retirement benefits to individuals.' "[7] *In re Gralka,* 204 B.R. 184, 187–88 (Bankr. W.D.Pa.1997) (quoting *In re Carmichael,* 100 F.3d at 378). The Court is satisfied that allowing an exemption for an IRA as a "similar plan or contract" is consistent with the treatment afforded to other forms of deferred compensation and retirement benefits.

(2) Section 522(d)(10)(E) provides that, a "similar plan or contract" is exempt unless "such plan or contract does not qualify under § . . . 408 of the Internal Revenue Code of 1986." IRAs are governed by § 408 of the Internal Revenue Code. Therefore, if Congress did not intend IRAs to be included in those "similar plans" exempt under § 522(d)(10)(E), there would be no need to refer to § 408. As stated previously, the elements of the exception are joined with a conjunction.

"Since IRA accounts are governed by Section 408 of the Internal Revenue Code, they are not disqualified from exemption under § 522(d)(10)(E)." *In re Hickenbottom,* 143 B.R. at 933.

Perhaps more importantly, the Fifth Circuit seized upon the fact that 'subparagraph (d)(10)(E)(iii) specifically denies exemption to those "similar plans or contracts" that come within the proscription of (d)(10)(E)(I) [sic] and (ii) and [that] also fail to qualify under, *inter alia,* IRC § 408, a provision dealing ex-

clusively with IRAs. This express Code section reference to IRAs in the exception makes inescapable the conclusion that at least some—if not all—IRAs were intended to be included in the phrase "similar plan or contract." Were that not so, there would be no exempt § 408 plans or contracts from which non- § 408 plans or contracts could be exceptions.'

*In re Gralka,* 204 B.R. at 188 (quoting *In re Carmichael,* 100 F.3d at 378).

If the individual retirement plan does not qualify under I.R.C. § 408 (and assuming the other two prongs of the exception are satisfied), the individual retirement plan is not exempt. Because individual retirement plans are specifically *included* under § 522(d)(10)(E)(iii), it is self-contradictory and illogical for the exact type of investment to be *excluded* from the general provision of § 522(d)(10)(E). Stated differently, if individual retirement plans are excluded from the "similar plan or contract" language of § 522(d)(10)(E), why would Congress include a non-qualified individual retirement plan as a possible exception to that same exemption?

*In re Hall,* 151 B.R. 412, 426 (Bankr. W.D.Mich.1993) (emphasis in original). Because the Internal Revenue Code section referring to IRAs is part of the exception, the Court believes that this reference "makes inescapable" the conclusion that IRAs were intended to be classified as a "similar plan or contract," and thus exempt. *See In re Carmichael,* 100 F.3d at 378.

(3) Failure to treat IRAs as "similar plans," and thus exempt, would be to penalize individuals who are not in a position to participate in a pension plan or profit sharing plan, *e.g.,* self-employed individuals.[8] *In re Gralka,* 204 B.R. at 188. "To

---

**7.** The legislative history behind IRAs indicates that they were originally established to ease the tax burden for those employees who were not covered by a qualified pension plan and to encourage retirement planning. *See In re Ia-*

cono, 120 B.R. 691, 693 (Bankr.E.D.N.Y. 1990).

**8.** "[T]o conclude that IRAs are not exempt would be to suggest that Congress intended to

conclude that an IRA is not exemptible under Section 522 would discriminate against self-employed individuals whose marginal income and lack of sophistication preclude their participation in other, less limited plans." *In re Hickenbottom,* 143 B.R. at 934.

This Court agrees with the Fifth Circuit that holding that the IRA is not exempt would be "antithetical to Congress' solicitude for retirement benefits for self-employed individuals," such as debtor. *In re Carmichael,* 100 F.3d at 378.

Accordingly, for all of the foregoing reasons, this Court concludes that the IRA is exempt under § 522(d)(10)(E).[9]

*Equal Protection*

██ Debtor argues that a "self employed individual, or a person not covered by a company pension plan who uses an IRA" is "clearly a suspect class." (Appellant's Br. at 14). Debtor cites no authority in support of her position that she is a member of a "suspect class."[10] Moreover, debtor provides no case law support for her asserted equal protection violation. Further, debtor has failed to make the requisite showing that the bankruptcy court's holding constituted an intentional discriminatory act based upon her membership in a suspect class. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 265–66, 97 S.Ct. 555, 563–64, 50 L.Ed.2d 450 (1977). Although this Court holds that debtor's IRA is exempt, denial of her equal protection claim was proper.

Accordingly, for the reasons set forth ·above,

**IT IS ORDERED** that the decision of the bankruptcy court is **REVERSED.**

---

penalize self-employed individuals for their choice of the form in which their retirement assets are held[, as well as] ... to create a trap for the unwary in those frequent instances in which funds from other exempt plans are 'rolled over' into IRAs when those other plans terminate or when employment ceases." *In re Gralka,* 204 B.R. at 188 (quoting *In re Carmichael,* 100 F.3d at 378).

9. The Court notes that debtor is expressly limited in her right to receive payments, "to the extent reasonably necessary for [her] support." 11 U.S.C. § 522(d)(10)(E).

10. The Supreme Court has stated that a "suspect class" is one defined by race, alienage, or national origin. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Plainly, a "self-employed individual," or a "person not covered by a company pension plan who uses an IRA" does not qualify as a member of a suspect class under the standard enunciated by the United States Supreme Court.