**In re Joyce LIGHTBODY, Debtor.**

**Bankruptcy No. 98–54835–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 22, 1999.

Robert Paulbeck, Trenton, Michigan, for debtor.

Stuart Snider, Detroit, Michigan, for trustee.

James Buschman, Detroit, Michigan, for Wayne County Retirement System.

Opinion

STEVEN W. RHODES, Bankruptcy Judge.

On June 30, 1999, the Court held that Lightbody's interests in certain retirement plans are property of the bankruptcy estate. Lightbody now seeks to exempt her interest in those plans under § 522(d)(10)(E). The trustee argues that Lightbody's interest in the plans are not exemptible because each of the plans provide for distribution of Lightbody's interest for reasons not included in § 522(d)(10)(E). The Court holds that the conditions for distribution listed in § 522(d)(10)(E) are not exclusive and that Lightbody's interest in the plans maybe exempted to the extent reasonably necessary for Lightbody's support.

Discussion

Section 522 allows certain property to be exempted by the debtor. Section 522(d)(10)(E) authorizes the exemption of "a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the sup-

port of the debtor and any dependent of the debtor[.]" 11 U.S.C. § 522(d)(10)(E).

### I. Wayne County Deferred Compensation Plan [1]

■ To determine whether the Deferred Compensation Plan is a "similar plan" such that it is included under § 522(d)(10)(E), the Court must determine the purpose of the Plan. The stated purpose of the Deferred Compensation Plan is

> to permit employees and independent contractors to participate in a deferred compensation plan by entering into an agreement with Wayne County, wherein a portion of their salary not yet earned will be deferred for the purpose of providing an income tax benefit and additional retirement security.

(Deferred Compensation Plan at 1.)

The Plan provides that benefits are paid to participants upon retirement according to the payment option they select. (Plan at 9.) Benefits are also payable upon separation of service, death, or total and permanent disability. (Plan at 11.) The plan also permits the participant to request payment in the event of an unforeseeable emergency as follows:

> Notwithstanding any other provision herein, in the event of an Unforeseeable Emergency, a Participant may request the Plan Administrator to pay benefits to him prior to retirement, disability or separation from service.... Benefits to be paid shall be limited strictly to the amount necessary to meet the Unforeseeable Emergency constituting financial hardship to the extent such Unforeseeable Emergency is not relieved:
>
> A. through reimbursement or compensation by insurance or otherwise;
>
> B. by liquidation of the Participant's assets, to the extent liquidation of such assets would not itself cause financial hardship; or

> C. by cessation of deferrals under the Plan.
>
> Foreseeable personal expenditures normally budgetable, such as down payment of a home, the purchase of an automobile, college, or other education expenses, etc., will not constitute an Unforeseeable Emergency.

(Plan at 14.)

> Unforeseeable Emergency is defined as:
>
> a severe financial hardship to the Participant resulting from a sudden and unexpected accident or illness of the Participant, or of a dependant ..., or a loss of the Participant's property due to a casualty or other similar extraordinary unforeseeable circumstance arising as a result of events beyond the control of the Participant.

(Plan at 2.)

■ The language of the Deferred Compensation Plan clearly indicates that it is intended to provide future income to the participant. "[Section] 522(d)(10)(E) protects payments that will be necessary to a debtor in the future." *In re Rector,* 134 B.R. 611, 614 (Bankr.W.D.Mich.1991). The legislative history to § 522(d)(10)(E) states that "[p]aragraph (10) exempts certain benefits that are akin to future earnings of the debtor." H.r. Rep. No. 595, 95th Cong., 1st Sess., at 361–62 (1977), reprinted in U.S.C.C.A.N.1978, pp. 5787, 6318. Accordingly, the Court concludes that the Deferred compensation Plan is similar to those plans specifically listed.

■ The Court also concludes that Lightbody does have a right to receive payment "on account of illness, disability, death, age, or length of service," as required by § 522(d)(10)(E). The fact that Lightbody is entitled to payment in the event of an unforeseeable emergency does not affect the exemptibility of the Plan. In *Carmichael v. Osherow (In re Carmi-*

---

**1.** The Michigan Association of Counties Deferred Compensation Plan is actually an investment trust maintained under the Wayne

County Deferred Compensation Plan and will not be addressed separately.

*chael*), 100 F.3d 375 (5th Cir.1996), the court stated:

> The language of [§ 522(d)(10)(E)] does not express a requirement that the right to receive a payment under a "similar plan or contract" be conditioned "only" or "exclusively" on one of the five listed events.
>
> ... As long as the right to receive a payment under a plan or contract can be triggered by one of more of the five listed events, and is therefore exemptible, the fact that payments can also be triggered by some additional factor—or absence of some additional factor—cannot destroy exemptibility.

*Id.*, 100 F.3d at 379. *See also Reitmeyer v. Gralka* (*In re Gralka*), 204 B.R. 184, 187 (Bankr.W.D.Pa.1997).

Accordingly, the Court concludes that, to the extent Lightbody's Deferred Compensation Plan is reasonably necessary for the support of Lightbody and any dependents, she may exempt it under § 522(d)(10)(E).

### II. Retirement Ordinance

 For the same reasons that the Deferred Compensation Plan is exemptible under § 522(d)(10)(E), the Court concludes that Lightbody's interest in the Retirement Ordinance is exemptible as well. The Retirement Ordinance is a pension. Payments are made upon retirement, either after 25 years of service and age 50, or after 5 years of service and age 60. (Retirement Ordinance at 10.) Payments are also permitted upon disability or death.

Payments are permitted upon termination of employment. (Retirement Ordinance at 35.) Member loans are also permitted. However, as stated above, the fact that payments can be obtained for reasons other than those specifically listed, does not affect the exemptibility of the plan.

The Court's holding in the present case is consistent with *Hermes v. Ribitwer* (*In re Hermes*), 239 B.R. 491 (E.D.Mich.1999). In *Hermes,* the District Court held that an IRA was exemptible under § 522(d)(10)(E) as a "similar plan" even though the debtor has a right to receive payment other than "on account of illness, disability, death, age, or length of service." *Id.* at 6. The District Court held that the fact that a participant had a right to withdraw funds, albeit with a penalty, prior to obtaining the required age did not affect the exemptibility of the plan.

### Conclusion

Lightbody's interest in the Wayne County Plans are exemptible under § 522(d)(10)(E) to the extent that they are reasonably necessary for the support of Lightbody and her dependents. The Court will schedule an evidentiary hearing to determine whether the funds are reasonably necessary to the support of Lightbody and her dependents.