David JURGENSEN, Appellant,

v.

Elizabeth C. CHALMERS, Chapter 7 Trustee, Appellee.

No. 1:99–CV–179.

United States District Court, W.D. Michigan, Southern Division.

Jan. 31, 2000.

---

Michael W. Donovan, Donovan, Love & Twinney, PLC, Grand Rapids, MI, for plaintiff.

Larry A. Ver Merris, Day & Sawdey, PC, Grand Rapids, MI, for defendant.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This is an appeal from a decision of the bankruptcy court denying an exemption claimed by debtor-appellant David Jurgensen. Appellant filed a voluntary petition for relief under Chapter 7 of the Bank-

ruptcy Code on May 22, 1998. On November 2, 1998, appellant (who is less than 59½ years of age) filed an amended claim of exemptions seeking to exempt an Individual Retirement Account ("IRA") originally in the amount of $7,900.29. The trustee objected, and the bankruptcy court sustained the trustee's objections and held the IRA was not exempt in an order dated January 11, 1999. This appeal followed, and the Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, the Court will reverse the order of the bankruptcy court and remand for proceedings consistent with this opinion.

## I

■■■ The Court reviews the bankruptcy court's conclusions of fact for clear error and reviews its conclusions of law *de novo. In re Caldwell,* 851 F.2d 852 (6th Cir.1988) There are no factual conclusions to be reviewed by the Court, and this appeal presents a single issue of law that has previously divided two bankruptcy judges for the Western District of Michigan: whether an IRA is eligible for exemption from the debtor's bankruptcy estate under § 522(d)(10)(E) of the Bankruptcy Code.[1]

## II

■■■ Confronted with an issue of statutory interpretation, the Court begins with the familiar canon of statutory construction that the starting point for interpreting a statute is its language. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); *United States v. Caldwell,* 49 F.3d 251 (6th Cir.1995). "In construing a federal statute it is appropriate

to assume that the ordinary meaning of the language that Congress employed accurately expresses the legislative purpose." *Mills Music, Inc. v. Snyder,* 469 U.S. 153, 164, 105 S.Ct. 638, 83 L.Ed.2d 556 (1985); *Nixon v. Kent County,* 76 F.3d 1381, 1386 (6th Cir.1996). Therefore, "if the words of the statute are unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced, because 'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' " *Hudson v. Reno,* 130 F.3d 1193, 1199 (6th Cir.1997) (citations omitted). Finally, exemptions claimed under the Bankruptcy Code must be construed liberally in favor of the debtor and strictly against the creditor to effectuate the "fresh start" ethos underlying the code. *See In re Brown,* 108 F.3d 1290, 1292 (10th Cir.1997).

The Court thus begins by ascertaining whether the text of § 522(d)(10)(E) presents an ambiguity. Absent an ambiguity, the Court will interpret and apply § 522(d)(10)(E) according to the common understanding of its terms unless clearly expressed evidence of Congress' contrary intent exists. In relevant part, § 522(d)(10)(E) exempts from the bankruptcy estate:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time of the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

---

1. Compare *In re Moss,* 143 B.R. 465 (Bankr. W.D.Mich.1992) (Stevenson, J.) (holding an IRA could not be exempted under § 522(d)(10)(E)) with *In re Hall,* 151 B.R. 412 (Bankr.W.D.Mich.1993) (Gregg, J.) (holding an IRA may be exempted under § 522(d)(10)(E)).

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10)(E).

Neither party contends the text of § 522(d)(10)(E) presents an ambiguity, and the Court's own reading confirms that Congress expressed its intent in § 522(d)(10)(E) in "reasonably plain terms." *Baum v. Madigan*, 979 F.2d 438, 442 (6th Cir.1992) (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

### III

■ The sole issue of construction, therefore, is whether the statute's plain language evinces the intention to permit debtors to exempt certain IRAs from the bankruptcy estate. Appellant answers affirmatively, and contends his IRA (which permits penalty-free withdrawals only after the age of 59½) qualifies as "a similar plan or contract" under which his right to receive a payment is "on account of" age. Appellee disagrees, arguing that although an IRA may qualify as a "similar plan or contract" under § 522(d)(10)(E), the debtor may exempt a payment if the right to payment is predicated solely "on account of illness, disability, death, age or length of service." Echoing the analysis advanced in *In re Evenson*, 165 B.R. 27 (Bankr. E.D.Mich.1994), the trustee contends that because the debtor has a present right to withdraw funds from the IRA (albeit incurring a 10% penalty), his right to receive a payment cannot be properly understood to be "on account of" age. *See Evenson*, 165 B.R. at 29. The bankruptcy court below agreed with this analysis, and citing its previous decision in *In re Moss*, 143 B.R. 465 (Bankr.W.D.Mich.1992), held appellant's control over his IRA precluded its exemption.

In this appeal, the trustee further argues the purpose underlying the exemption of payments based on age—providing for the holder's retirement needs—is not served by a construction that permits a debtor to exempt an IRA whose funds can be withdrawn by the debtor prior to attaining a particular age. *See In re Zott*, 225 B.R. 160, 171–72 (Bankr.E.D.Mich. 1998). Such access, the trustee claims, is characteristic of savings accounts and dissimilar to "future earnings of the debtor," which the legislative history indicates Congress intended to exempt under § 522(d)(10)(E).

■ In response to both of the trustee's arguments advanced above, appellant refers the Court to those authorities that have held IRAs to be exempt based on policy arguments.[2] Yet because the language of § 522(d)(10)(E) is unambiguous, the Court finds the exercise of such a comparison to be unnecessary. Similarly, when presented with text that is clear and unambiguous, the Court does not look to the legislative history to contravene the plain language of the statute. *See Bridewell v. Cincinnati Reds*, 155 F.3d 828, 830 (6th Cir.1998).

Rather, the Court notes first that the trustee's interpretation of § 522(d)(10)(E) does not faithfully adhere to the text as enacted. The trustee would have the Court read the words "in the future" into the statute to qualify the terms exempting "the debtor's right to receive a payment," thereby precluding from exemption any funds the debtor can access at present. This present/future distinction is found neither in the text of § 522(d)(10)(E) nor in its legislative history,[3] and is instead

---

**2.** *See, e.g., In re Carmichael*, 100 F.3d 375 (5th Cir.1996); *In re Rawlinson*, 209 B.R. 501 (9th Cir. BAP 1997); *In re Hermes*, 239 B.R. 491 (E.D.Mich.1999); *In re Gralka*, 204 B.R. 184 (Bankr.W.D.Pa.1997); *In re Link*, 172 B.R. 707 (Bankr.D.Mass.1994); *In re Hickenbottom*, 143 B.R. 931 (Bankr.W.D.Wash.1992);

*In re Cilek*, 115 B.R. 974 (Bankr.W.D.Wis. 1990).

**3.** Indeed, the legislative history of § 522(d)(10)(E) employs looser language to describe the condition placed on benefits: "Paragraph (10) exempts certain benefits that

grounded in the bankruptcy court's interpretation of the terms "on account of" as "exhaustive conditions." *See Moss,* 143 B.R. at 466. While this interpretation is not unreasonable, it begs the ultimate question before the Court: in the context of § 522(d)(10)(E), do the terms "on account of . . . age" *work to exclude an IRA whose owner can access the funds prior to attaining a particular age?*

Ordinarily, the Court would simply give effect to the common understanding of the statute's terms and the intention they express. Turning to the text of § 522(d)(10)(E), and in particular the "on account of" language, the Court is not unsympathetic with the trustee's argument *urging the Court to read these factors as* "but-for" conditions. As commonly understood, "on account of" is synonymous with "because of," or "by reason of," and connotes a direct causal relationship.[4] *See* 67 Corpus Juris Secundum 866 (1978). Nevertheless, the Court cannot escape the conclusion that Congress clearly expressed an intention to exempt certain IRAs in the text of § 522(d)(10)(E). Initially, the Court notes that subsection (iii) excludes from exemption plans or contracts that fail to qualify under § 408 of the Internal Revenue Code of 1986, a section dealing solely with IRAs. *See* 26 U.S.C. § 408. Hence, the Court finds the negative implication of subparagraph (iii) to be clear: if Congress did not intend some IRAs to be included within the set of "similar plan[s] or contract[s]" permissibly exempted by the debtor, it would not have drafted subparagraph (iii) to exclude those plans that fail to qualify under § 408. *See Carmichael,*

100 F.3d 375, 378 (5th Cir.1996); *accord In re Hermes,* 239 B.R. 491, 494–95 (E.D.Mich.1999).

The trustee maintains, however, that subsection (iii) must be read in light of the "on account of" factors "so as to produce a harmonious result between Part (E) and Part (iii)." *Zott,* 225 B.R. at 171. The trustee first characterizes "illness, death, age, disability, or length of service" as exclusive triggering factors. Second, although the trustee reads these factors in light of subsection (iii), she nevertheless concludes an IRA that permits early withdrawal does not satisfy the exemption's requirements, because the exclusivity of the "on account of" factors impliedly precludes a debtor's control over an IRA's funds prior to reaching the triggering age.

Confronted with appellee's argument, the Court finally faces the crux of the issue: whether the plain meaning of the terms "on account of" can be reconciled with the clear Congressional intent to exempt at least some IRAs, as reflected in the negative implication of subsection (iii). The trustee answers "no," yet freely acknowledges that interpreting "on account of" as imposing an absolute condition on the terms "similar plan or contract" would preclude virtually all current IRAs from exemption. Despite taking this arguably absurd position, the trustee nevertheless maintains that to read § 522(d)(10)(E) otherwise would render the terms "on account of" meaningless.[5]

■ The Court believes it possible to navigate between the Scylla of rigid con-

---

are akin to future earnings of the debtor. These include social security, unemployment compensation . . . and benefits under a certain stock bonus, pension, profit-sharing, annuity or similar plan *based on* illness, disability, death age or length of service." Notes of Committee on the Judiciary, H.Rep. No. 95–595 (emphasis added).

4. The Supreme Court has stated in dicta that, as used in the bankruptcy code, "on account of" should be read to mean "because of." *See Bank of America Nat. Trust and Sav. Assn.*

*v. 203 N. LaSalle St. Partnership,* 526 U.S. 434, 119 S.Ct. 1411, 1420, 143 L.Ed.2d 607 (1999).

5. *See, e.g., In re Zott,* 225 B.R. 160 (Bankr. E.D.Mich.1998) (holding IRAs not to be exempt because to do so renders "on account of" surplusage); *In re Snyder,* 206 B.R. 347 (Bankr.M.D.Pa.1996); *In re Evenson,* 165 B.R. 27 (Bankr.E.D.Mich.1994); *In re Damast,* 136 B.R. 11 (Bankr.D.N.H.1991); *In re Pauquette,* 38 B.R. 170 (Bankr.D.Vt.1984).

struction and Charybdis of meaningless-ness set forth in the trustee's analysis. Adopting the trustee's reasoning would have the Court emphasize the plain meaning of "on account of" to the exclusion of the plain intent of subsection (iii), a result that does not harmonize the statute's text with its scheme. Rendering a reasonable result on these facts, then, requires more than a mere mechanical application of the language of any one section of § 522(d)(10)(E). The Court recognizes that an ordinary reader equates the phrase "on account of" with "because of," or "by reason of," and thus might well interpret the factors set forth in § 522(d)(10)(E) to be exclusive triggers. Yet, viewing the "on account of" factors in light of the negative implication of subsection (iii), the Court concludes that notwithstanding the apparent plain meaning of "on account of," with regard to the factor of age, the relevant text and scheme of § 522(d)(10)(E) contemplate the exemption of qualified IRAs from the bankruptcy estate. This holding is buttressed by the familiar maxim that "[t]he plain meaning that we seek to discern is the plain meaning of the whole statute, not of isolated sentences." *Walton v. Hammons,* 192 F.3d 590, 595 (6th Cir.1999) (quoting *Beecham v. United States,* 511 U.S. 368, 372, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994)).

## IV

Although the language of § 522(d)(10)(E) is unambiguous, the issue at hand requires the Court to reconcile two sections of text whose plain meaning seemingly lies in conflict. The common understanding of the terms "on account of" works to exclude virtually all IRAs, while the implication of subsection (iii) warrants their inclusion. Rather than relying on policy arguments or legislative history, the Court reads the statute as a whole to reach a reasonable result that gives effect to both the statute's text and its scheme. Accordingly, the Court concludes that although the "on account of" factors may serve as exclusive triggers, with regard to

age, they cannot work to exclude those qualified IRAs permissibly exempted by the negative implication of § 522(d)(10)(E)(iii). Accordingly, the decision of the bankruptcy court will be reversed and remanded for proceedings consistent with this opinion.