**In re Robert D. McKOWN; Dianna M. McKown, Debtors.**

**Gary R. Farrar, Appellant,**

v.

**Robert D. McKown; Dianna M. McKown, Appellees.**

No. 98–15017.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1999.

Filed Feb. 14, 2000.

Clifford W. Stevens, Neumiller & Beardslee, Stockton, CA, for appellant.

Spencer P. McGrew, Modesto, CA, for appellees.

Before: BROWNING, RYMER, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

This is a bankruptcy case. The issue is whether an IRA is exempt from inclusion in the bankruptcy estate, so that it is shielded from creditors.

### FACTS

Mr. and Mrs. McKown filed a chapter 7 petition for bankruptcy. They claimed an exemption of an Individual Retirement Account (IRA) worth $6,413.14. They prevailed in the bankruptcy court and before the bankruptcy appeals panel. The trustee appeals, claiming the money for their creditors. The only issue before us is whether the IRA money is exempt.

## ANALYSIS

The federal bankruptcy statute lists various kinds of property that a debtor may exempt from the bankruptcy estate "unless the State law that is applicable to the debtor ... does not so authorize."[1] It further provides that an individual debtor may exempt from property of the bankruptcy estate "any property that is exempt under ... State ... law."[2] California, the relevant state in this case, provides that "the exemptions set forth in [11 U.S.C. § 522(d)] are not authorized in this state."[3]

The California exemption statute allows a debtor in bankruptcy to elect between two sets of exemptions, one for debtors generally, another for debtors in bankruptcy.[4] The list of exemptions that debtors in bankruptcy proceedings may elect in lieu of the state exemptions for debtors generally are almost identical to the federal exemptions.[5]

█ California has an exemption for debtors in federal bankruptcy proceedings that enables them to exempt various kinds of retirement and disability plan money:

> (10) The debtor's right to receive any of the following:
>
>> (E) A payment under a stock bonus, pension, profitsharing, annuity *or similar plan* or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless all of the following apply:
>>
>>> (iii) That plan or contract does not qualify under Section 401(a), 403(b), or 408 of the Internal Revenue Code.... [6]

For purposes of the issues raised in this case, this California exemption is materially identical to the federal exemption.[7] The only issue in the case is whether an IRA is a "similar plan or contract," that is, whether it is materially similar to the listed kinds of plans, such as pension and profit sharing plans.

The trustee argues that an IRA is not "similar." He makes various plausible arguments: an IRA is established by the employee, while pension and profit sharing plans are established by employers; an IRA is controlled by the debtor; the debtor can draw his money out of an IRA whenever he likes, but ordinarily cannot get money out of his pension or profit sharing plan until the employer, pursuant to the plan's terms, pays it to him; an IRA established by the employee himself is not subject to ERISA. The debtor also makes various plausible arguments: an IRA, like an employer pension or profit sharing plan, is a device used to provide for retirement; the money cannot be drawn out of an IRA prematurely without paying a substantial penalty (10%); Congress has given similar tax benefits for IRAs and pension and profit sharing plans because of the public benefit of encouraging people to provide for their own retirement income; other circuits have interpreted the same language to exempt IRAs.

The arguments on both sides are plausible. But one argument is, to us, compelling. That is, that our sister circuits have interpreted the language to exempt IRAs. Though technically we are construing a state law, it is materially identical to the federal exemption and to similar state law exemptions in states that have elected to substitute their own for the ones in federal law. There is no good reason to create a circuit split on exemption of IRAs from bankruptcy estates, particularly because at least one of the arguments for exemption is irrefutable.

---

1. 11 U.S.C. § 522(b)(1).

2. 11 U.S.C. § 522(b)(2)(A).

3. Cal.Code Civ. P. § 703.130.

4. Cal.Code Civ. P. § 703.140(a).

5. *Compare* Cal.Code Civ. P. § 703.140(b) and 11 U.S.C. § 522(d).

6. Cal.Code Civ. P. § 703.140(b)(10)(E) (emphasis added).

7. 11 U.S.C. § 522(d)(10)(E).

The Fifth Circuit held, in *Carmichael v. Osherow*, that an IRA is a "similar plan or contract" under the federal statute.[8] The Second Circuit held in *Dubroff v. First National Bank*, that, under New York language materially identical to the federal and California statutory language, an IRA is exempt as a "similar plan or contract."[9]

The irrefutable argument for exemption is that the federal, California, and New York statutes establish an exception from the exemption for a pension, profit sharing "or similar plan or contract," if various excluding conditions are established, including that "such plan or contract does not qualify under section 408 of the Internal Revenue Code."[10] The exception specifically addresses IRAs. Why would Congress talk about IRAs in the exception unless it included IRAs in the rule? It would not: section 408 of the Internal Revenue Code, addressed in the exception, is entitled "Individual retirement accounts" and establishes numerous requirements for them. Section 408 does not speak to anything but IRAs. The other kinds of retirement arrangements are controlled by other code sections. There could be no reason for legislators to exclude non-qualifying IRAs from the exemption, as the exception does, unless they intended that qualifying IRAs could be exempt. Indeed, there could be no reason even to mention section 408, the IRA section, unless "similar plan or contract" included them. The Second and Fifth Circuits also found this argument compelling.[11]

The trustee argues that the statutory reference to section 408 refers only to section 408(k), which addressees a particular kind of IRA called "simplified employee pensions," not all of section 408. This argument makes no sense at all. The statute does not say 408(k). It says 408. The legislative choice not to specify a subsection, such as (k), was obviously well considered. That can be inferred because in the very same subsection the statute specifies sections 401(a), 403(a), and 403(b) of the Internal Revenue Code. If a legislature lists several statutes, citing subsections of some but not others, then it is a reasonable inference that it meant to limit the references to some but not others to the subsections cited.

 Though not identical to the listed kinds of plans (which would make the statutory inclusion of "similar" plans superfluous), an IRA is similar enough to be treated as a "similar plan or contract." We thus hold, like our sister circuits, that an IRA qualifies for exemption under statutory language tracking 11 U.S.C. § 522(d)(10)(E), including the California language.

AFFIRMED.

8. *Carmichael v. Osherow*, 100 F.3d 375, (5th Cir.1996).

9. *Dubroff v. First National Bank of Glens Falls*, 119 F.3d 75, (2d Cir.1997).

10. 11 U.S.C. § 522(d)(10)(E); Cal.Code Civ. P. § 703.140(b)(10)(E); N.Y. Debt. & Cred. Law § 282.

11. *Carmichael*, 100 F.3d at 378; *Dubroff*, 119 F.3d at 78.