**Randy Lowell DALE and Susan Page Dale, Appellants,**

v.

**Michael W. PUERNER, Appellee.**

**No. 1:00–CV–817.**

United States District Court, W.D. Michigan, Southern Division.

Feb. 13, 2001.

Raynor D. Zillgitt, Jr., Willingham & Cote', PC, East Lansing, MI, for appellants.

Michael W. Puerner, Scott Allen Chernich, Foster, Swift, Collins & Smith, PC, Lansing, MI, for Michael W. Puerner, Trustee, appellee.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court pursuant to 28 U.S.C. § 158 on appeal from an opinion from the Bankruptcy Court holding that Appellants' five individual retirement accounts ("IRAs") were not exempt pursuant to 11 U.S.C. § 522(d)(10)(E). The Court affirms the Bankruptcy Court's opinion.

On November 8, 1999, Appellants filed a Chapter 7 Petition with the United States Bankruptcy Court for the Western District of Michigan. As part of their Petition, Appellants scheduled five IRAs as assets of the estate with a total value of approximately $33,600. Subsequent to filing this Petition, Appellants filed an Amended Schedule C exempting their interest in the IRAs.

Appellee, the Chapter 7 Trustee, objected to Appellants' claimed exemption for the IRAs. After oral argument on the objections, the Bankruptcy Court issued its opinion holding that Appellants' IRAs were not exempt. Appellants then filed a Notice of Appeal with this Court.

Appellants argue that the Bankruptcy Court erroneously interpreted § 522(d)(10)(E) to mean that the debtor's right to receive payment from an IRA must be an immediate right before the debtor may exempt his or her interest in the IRA. Appellants rely on the Fifth Circuit case *In re Carmichael*, 100 F.3d 375 (5th Cir.1996), to support their argument. Both parties note the split of authority in the Bankruptcy Courts in the Eastern and Western Districts of Michigan, and among the Circuit Courts of Appeals. Appellee, however, argues that the cases not exempting IRAs are better reasoned and should be followed by this Court.

## ANALYSIS

■ The Court reviews the Bankruptcy Court's conclusions of law *de novo* and its factual findings under a clearly erroneous standard. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). In this case, no factual disputes exist, and the Court will conduct a *de novo* review of the Bankruptcy Court's opinion.

This case involves § 522(d)(10)(E) of the Bankruptcy Code ("Code") which allows a debtor to exempt from property of his bankruptcy estate:

(10) The debtor's right to receive—

\* \* \* \* \* \*

(E) a payment under a stock bonus, pension, profitsharing annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. . . .

### A. The Issue

The Bankruptcy Court issued a lengthy opinion, in which it expressed an opinion that the way courts have framed the issue explains much of the variation surrounding the interpretation of § 522(d)(10)(E). Usually the issue is presented as whether the debtor's interest in the pension or similar plan is exempt. *See, In re Dale*, 252 B.R. 430, 432 (Bankr.W.D.Mich.2000) citing *In re Cilek*, 115 B.R. 974, 977 (Bankr.W.D.Wis.1990); *In re Zott*, 225 B.R. 160, 172 (Bankr.E.D.Mich.1998); *In re Hermes*, 239 B.R. 491, 497 (E.D.Mich.

1999). The Bankruptcy Court noted that nothing within § 522(d)(10)(E) indicates that a debtor's interest in a pension or similar plan is subject to exemption. *See id.* at 493. Rather, § 522(d)(10)(E) limits the exemption to a debtor's *right to receive payment* under a pension or similar plan. *See id.* Based on this, the Bankruptcy Court stated that the question is whether the "on account of" language in § 522(d)(10)(E) means that a debtor's right to receive payment from an IRA-type account must be a present right to receive payment to be exempt. *See generally Dale,* 252 B.R. 430.

█ The Court agrees with the Bankruptcy Court when it states that nothing within § 522(d)(10)(E) indicates that the debtors' interest in the pension or similar plan is subject to exemption. *See Dale,* 252 B.R. at 432. Section 522(d)(10)(E) states that the exemption applies to "[t]he debtors' right to receive a payment under a ... pension ... or similar plan...." Congress used the word "interest" when it described seven of the ten other categories of property rights that may be exempted under the scheme set forth in § 522(d) [1]. Therefore, it is reasonable to assume Congress did not intend that the right to receive a payment under a pension plan be equitable with the debtor's interest in the plan. *See id.* at 433. The Fifth Circuit stated that "it is not the plan or contract that either is or is not exempt, but the *right* to *receive* a *payment* from a plan or contract (if qualified under § 522(d)(1)(E)) that will enjoy exemption." *In re Carmichael,* 100 F.3d 375, 377 (5th Cir.1996) (emphasis in original).

Judge Hughes of the Bankruptcy Court thoroughly researched the Bankruptcy Code and its legislative history and found nothing manifesting Congressional intent to exempt retirement plans *in toto. See Dale,* 252 B.R. at 433. After conducting its own research, the Court agrees with Judge Hughes. As noted by Judge Hughes, "[i]f Congress had in fact intended a 'pension exemption,' ... it could have done so clearly and unambiguously by stating that **all interests** in a 'stock bonus, pension, profit-sharing, annuity or similar plan or contract' are exempt." *Id.* at 434. Also significant is Congress' failure to include a debtor's entire interest in a pension or similar plan as a separate and distinct subsection within the exemption scheme in § 522(d). Rather, Congress limited the exemption to a "right to receive a payment" and grouped this exemption with four other categories of benefits. 11 U.S.C. § 522(d)(10)(A)–(D). These four categories each enumerate a benefit or right to payment based upon a condition of the recipient and generally protect a debtor's immediate, post-petition livelihood. These four categories also focus on benefits the debtor currently receives and not those the debtor expects to receive. *See id.* at 434–37.

█ This present/future distinction becomes apparent when subsection (E) is read in context with the other four subsections of § 522(d)(10). The overall purpose of § 522(d)(10) is ensuring that recipients of non-wage payments who file for bankruptcy will continue to receive those payments post-petition without interference by the bankruptcy trustee if these payments are necessary to support the debtor. Moreover, if the first four subsections of § 522(d)(10) refer to benefits the debtor currently receives, then the right to payment in subsection (E) should also be limited to a current right. *See Dale,* 252 B.R. at 437–38.

---

**1.** 11 U.S.C. § 522(d)(1)–(6) and (8).

Thus, the Court finds the issue to be whether the Appellants' *right to receive payment* from their IRAs is exempt under 11 U.S.C. § 522(d)(10)(E) as it satisfies the "on account of language." Having determined the issue, the Court now turns to the case law addressing IRAs and § 522(d)(10)(E).[2]

### B. Case Law

■ Various courts have treated IRAs under the § 522(d)(10)(E) exemption differently. The case law reveals a split among the Circuit Courts and Bankruptcy Courts in Michigan.

### 1. Circuit Courts of Appeal

Appellants rely on *Carmichael* to support their theory that the words the "right to receive payment" do not mean a present and current right to receive a payment. *See Carmichael*, 100 F.3d at 379–80. In *Carmichael*, the Fifth Circuit held that the right to receive a payment included both the debtor's *presently vested* right to receive a payment in the *future* and the debtor's right to receive a payment presently, currently or immediately. *See id.* The *Carmichael* court reached this decision because the "language of the section does not include words like 'presently,' 'currently' or 'immediately.'" *Id.* Its sister Circuit, the Ninth Circuit, has held that IRAs are *per se* exempt from the bankruptcy estate under § 522. *See In re McKown*, 203 F.3d 1188, 1189 (9th Cir. 2000)

Although the Fifth and Ninth Circuits have exempted a debtor's right to receive future payments, other Circuit Courts

have held otherwise. The Third and Tenth Circuits have held that § 522 addresses distributions in which the debtor has a present and immediate right to receive. *See In re Clark*, 711 F.2d 21, 22 (3d Cir.1983); *Velis v. Kardanis*, 949 F.2d 78, 82 (3d Cir.1991); *In re Harline*, 950 F.2d 669, 675 (10th Cir.1991). In addition, the Eighth Circuit held that IRAs were not exempt under an Iowa statute that mirrors § 522(d)(10)(E). *See In re Huebner*, 986 F.2d 1222 (8th Cir.1993). Furthermore, a reading of the Ninth Circuit's *McKown* decision reveals that it may have exempted IRAs because it believed its "sister circuits have interpreted the language to exempt IRAs," and the Ninth Circuit saw "no good reason to create a circuit split." *McKown*, 203 F.3d at 1189.

### 2. Michigan Courts

In 1992, the Bankruptcy Court in the Western District of Michigan held that a debtor's interest in an IRA was not exempt under § 522(d)(10)(E). *In re Moss*, 143 B.R. 465, 467 (Bankr.W.D.Mich.1992). In 1993, the same court but a different judge held that a debtor's interest in his IRA was exempt under § 522(d)(10)(E). *See In re Hall*, 151 B.R. 412, 427 (Bankr. W.D.Mich.1993). Most recently, a judge in this District held that the "on account of" language cannot work to exclude qualified IRAs from the exemption in § 522(d)(10)(E). *See Jurgensen v. Chalmers*, 248 B.R. 94, 99 (W.D.Mich.2000).

The Bankruptcy Courts in the Eastern District have held, similarly to *Moss*, that a debtor's right to receive payment must be a present right to be exempt under § 522(d)(10)(E). *See Zott*, 225 B.R. at 172; *In re Evenson*, 165 B.R. 27 (Bankr.

---

**2.** The Court notes that subsection (E) references the section of the Internal Revenue Code which concerns only IRAs. 26 U.S.C. § 408. Our framing of the issue is not inconsistent with this. The Court's framing allows a debtor to exempt payments under an IRA if

the IRA itself is eligible under § 522(d)(10)(E), the debtor meets the age threshold required to receive payments under the IRA, and the payments are necessary to support the debtor and the debtor's dependents.

E.D.Mich.1994). In fact, the *Evenson* Court criticized the *Hall* decision because it "did not discuss the question of whether payments from an IRA satisfy that subsection's 'on account of' requirement." 165 B.R. at 29; *see also In re Kramer,* 249 B.R. 147, 149 (Bankr.E.D.Mich.2000) (noting that some courts, including *Hall,* have concluded that IRAs are exempt based on an analysis of only whether the IRA qualifies as a similar plan).

### 3. This Court's conclusions

After reading the statute in its entirety as mandated in statutory construction[3] and looking to the well written opinions of the Bankruptcy Courts of Michigan, the Western District of Michigan, and Circuit Courts of Appeal for guidance, this Court concludes that § 522(d)(10)(E) exempts only a present right to receive payments from an IRA.

Section 522(d)(10)(E) states that a debtor's right to receive payment from an IRA "on account of illness, disability, death, age, or length of service" is exempt to the extent reasonably necessary to support debtor and debtor's dependents. This language indicates that the right to receive payments is exempt if the right occurs because of illness, disability, death, age, or length of service.

The Court disagrees with the recent decision of this Court which opined that reading the plain language of "on account of" would "exclude virtually all IRAs." *See Jurgensen,* 248 B.R. at 99. Rather, this Court agrees with the *Zott* court, which states that "those IRAs that meet the 'on account of' factors ... are exempt under this section ..." *Zott,* 225 B.R. at 171;[4] *see also Moss,* 143 B.R. at 466; *Evenson,* 165 B.R. at 30. Thus, under this Court's interpretation, the only IRAs excluded from exemption are those which do not satisfy the "on account of" requirements.

Perhaps the strongest argument against the Court's interpretation of § 522(d)(10)(E) is that it does not effectuate the "fresh start" ethos underlying the Code. *See Jurgensen,* 248 B.R. at 96. The Court disagrees. A review of the exemptions within the Code illustrates that they protect a debtor from creditors and provide a debtor with the basic necessities in life to ensure the debtor is not left destitute and a public charge. *See Clark,* 711 F.2d at 23 (citing H.R.Rep. No. 95–595, at 126 (1977) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6087). This is further emphasized by studying the "on account of" factors. The five factors are illness, disability, death, age, or length of service. All of these factors describe a time or event that would signify a reduction in a person's ability to earn income and increase the likelihood that the person will be left destitute and unable to make a "fresh start." For example, a person challenged with a disability may be unable to work or may be forced to work fewer hours, thus decreasing that person's income and the likelihood he or she will make a "fresh start." Similarly, a person of advanced years may not be able to work after filing for bankruptcy and may be left destitute without payments from an IRA. In these cases, it appears logical and within the Code's structure to exempt the right to receive payments from an IRA.

---

3. *Walton v. Hammons,* 192 F.3d 590, 595 (6th Cir.1999).

4. Appellants argue that *Zott* was completely reversed by *In re Hermes,* 239 B.R. 491 (E.D.Mich.1999). The *Hermes* court discussed *Zott* when referencing § 541(c)(2) of the Code, which addresses whether an IRA is property of the estate. Although the *Hermes* court concluded that IRAs are exempt under § 522(D)(10)(E), it only addressed whether IRAs are "similar plans" and did not address the "on account of" factors. Therefore, this Court does not interpret *Hermes* as completely reversing *Zott.*

Reading § 522(d)(10)(E) to exempt the right to receive future payments from an IRA requires the Court to hold that IRA funds are available to protect against future hardships but are not available to relieve present debts. In this case, Appellants could have chosen to withdraw the funds in their IRAs, subject to a penalty, to help relieve the financial hardship that prompted them to file for bankruptcy in the first place. *See In re Miller,* 33 B.R. 549, 551 (Bankr.Minn.1983) (holding a debtor may not exempt interests in a profit sharing plan because debtor could have relieved hardship with those funds); *see also Clark,* 711 F.2d at 23 (exemption of present, but not future, payments to the extent necessary for debtor's support is consistent with the purpose of the exemptions). If this Court were to exempt Appellants' interest in receiving a future payment from their IRAs, nothing would prevent others from filing for bankruptcy and manipulating the system by exempting IRAs. The Court envisions a debtor who has accrued a sizable amount of debt and a moderate amount of savings in an IRA account. This debtor may leave his or her creditors with little recourse and still "fall back" on his or her IRA for an amount reasonably necessary to support the debtor and any dependents. This type of debtor could be a relatively young person with many years left to work and many opportunities to contribute to another savings plan. In other words, allowing the exemption of a right to receive future payments from an IRA does little to dissuade potential debtors from accumulating debt, and it does little to encourage responsible money management.

While the Court is sympathetic to the difficulties faced by debtors, it cannot in good conscience hold that § 522(d)(10)(E) exempts the right to receive payments from an IRA account unless the right to receive payment occurs "on account of illness, disability, death, age, or length of service." If Congress indeed intended to exempt the right to receive future payments from an IRA, it did not make its intentions clear. Perhaps Congress will disagree with this Court's interpretation of § 522(d)(10)(E). This Court's function, however, is to interpret the laws to the best of its ability. It is for Congress to write and change the laws.

## CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's decision denying Appellants' exemption in the IRAs under 11 U.S.C. § 522(d)(10)(E).

### ORDER

In accordance with the Opinion entered this day;

**IT IS HEREBY ORDERED** that the Bankruptcy Court's decision denying Appellants' exemption in the IRAs under 11 U.S.C. § 522(d)(10)(E) is **AFFIRMED.**